Patricia A. MARKS, Administratrix of the Estate of Donald L. Marks, Deceased, and Patricia Marks, In her own right Mary Lou Swayne, Administratrix of the Estate of Walter F. Merriman, Appellants,

v.

## NATIONWIDE INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 3, 2000.
Filed Nov. 13, 2000.

Andrew J. Leger, Pittsburgh, for appellants.

Stephen J. Polijak, Pittsburgh, for appellee.

BEFORE: HUDOCK, MUSMANNO and HESTER, JJ.

HESTER, J.:

¶ 1 Patricia Marks, administratrix of the estate of Donald Marks, appeals from the grant of Appellee's preliminary objections in the nature of a demurrer in this civil action. We affirm.

¶ 2 The facts are as follows. On May 18, 1991, Donald Marks was operating a tractor owned and maintained by Walter Merriman. The brakes on the tractor failed, and the vehicle subsequently overturned on an embankment, causing Mr. Marks's death. Appellant filed a wrongful death action against Mr. Merriman. Mr. Merriman ("decedent") died during the pendency of the action, and Mary Lou Swayne, administratrix of decedent's estate, was substituted as a defendant. The decedent had a homeowner's insurance

policy with Appellee that had a liability limit of $300,000. The case between Appellant and Ms. Swayne proceeded to trial in April 1994, when a jury awarded Appellant $1,029,875 against the decedent's estate. Judgment was entered thereafter, and Appellee subsequently paid its policy limits.

¶ 3 On April 22, 1998, Appellant, naming Ms. Swayne as a co-plaintiff, filed a writ of summons against Appellee. On July 13, 1998, Appellant filed her complaint, alleging that Appellee's rejection of Appellant's settlement offers in the wrongful death action of Mr. Marks constituted bad faith, and thus, since the decedent's estate is now insolvent, Appellee should be responsible for paying the entire verdict. Complaint, 7/13/00, ¶¶ 20–25; Appellant's brief at 10. On July 30, 1998, Appellee filed preliminary objections in the nature of a demurrer. The trial court entertained oral arguments on May 4, 1999, and on May 10, 1999, the trial court sustained Appellee's preliminary objections but granted Appellant leave to file an amended complaint within twenty days or suffer dismissal. Instead of filing an amended complaint, this timely appeal followed.

 ¶ 4 Appellant asserts the trial court erred in granting Appellee's preliminary objections.

Our standard of review mandates that on an appeal from an order sustaining preliminary objections which would result in the dismissal of suit, we accept as true all well-pleaded material facts set forth in the Appellant's complaint and all reasonable inferences which may be drawn from those facts. This standard is equally applicable to our review of PO's in the nature of a demurrer. Where, as here, upholding sustained preliminary objections would result in the dismissal of an action, we may do so only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. We review for merit and correctness-that is to say, for an abuse of discretion or an error of law. This case was dismissed at the preliminary objections stage on issues of law; our scope of review is thus plenary.

*Donahue v. Federal Express Corp.*, 753 A.2d 238, 241, 2000 PA Super 146, *9. In making our decision, we need not consider the pleader's conclusions of law, unwarranted inferences from facts, opinions, or argumentative allegations. *Wiernik v. PHH U.S. Mortgage Corp.*, 736 A.2d 616, 619 (Pa.Super.1999).

 ¶ 5 Appellant argues that since she filed the instant lawsuit on behalf of Ms. Swayne and the decedent's estate, she obtained "an equitable assignment of any and all rights maintained by the estate of Merriman against Nationwide in the garnishment proceedings of the [underlying] action ... As a result, [Appellant] brings this action on behalf of the estate of Merriman." Complaint, 7/13/98, ¶ 19; Appellant's brief at 11. Appellant does not dispute that Ms. Swayne explicitly refuses to assign any potential rights against Appellee to Appellant. Appellant's brief at 10. She makes the argument that she automatically steps into the shoes of Ms. Swayne and the decedent's estate by virtue of the fact she won her case against those parties in an earlier action. We are unpersuaded by this argument.

¶ 6 Appellee argues that Appellant lacks standing to pursue a bad faith cause of action pursuant to 42 Pa.C.S. § 8371, Pennsylvania's bad faith statute. That statute provides,

§ 8371. Actions on Insurance Policies

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim ...

(2) Award punitive damages against insurer.

(3) Assess court costs and attorney's fees against the insurer.

¶ 7 Appellee maintains there is no statutory language that supports a third party action against an insurer for the insurer's alleged bad faith to its insured and that no case law exists supporting such a conclusion. Appellee further argues that since the complaint failed to allege that Appellant ever received a contractual assignment from Ms. Swayne or the Merriman estate and since no such contractual assignment was attached to the complaint, Appellant lacks standing to bring the instant action. Finally, Appellee relies on *Johnson v. Beane*, 541 Pa. 449, 664 A.2d 96 (1995), for the proposition that absent an assignment from the insured, a third party plaintiff has no right against the insured's liability insurer to recover a verdict in excess of the policy. On these bases, the trial agreed, finding *Brown v. Candelora*, 708 A.2d 104 (Pa.Super.1998), *appeal granted*, 555 Pa. 478, 725 A.2d 176 (1999), dispositive and sustaining Appellee's preliminary objections.

¶ 8 The sole issue in *Brown* was whether a plaintiff who has recovered a judgment against an insured tortfeasor may, without obtaining an assignment from the insured, institute a garnishment action against the tortfeasor's insurer based on claims of bad faith and breach of contract seeking sums in excess of the coverages provided by the terms of the policy. *Id.*, 708 A.2d at 105–06. After a very thorough and exhausting discussion of the issue, as well as a complete analysis of how our sister states addressed this issue, we held, "Pennsylvania should be added to the many courts which have specifically addressed and rejected the argument that an injured plaintiff may proceed by way of a garnishment or direct action, against the tortfeasor's insurer, seeking a recovery in excess of the policy limits based on an alleged bad faith breach of the insurer's duty to the insured tortfeasor." *Id.* at 113.

¶ 9 In sustaining Appellee's preliminary objections, the court, in addition to finding *Brown* dispositive, found that no evidence of record existed establishing any contractual assignment from Ms. Swayne to Appellant and that no such assignment was attached to the complaint. The court also noted that the complaint did not even state that a contractual assignment occurred from the Merriman estate to Appellant. Accordingly, the court concluded that until the complaint was amended to reflect an assignment from Ms. Swayne to Appellant, Appellant's cause of action should be dismissed. We are constrained to agree.

¶ 10 We have independently reviewed the record and note that an affidavit contained therein from Ms. Swayne states:

I, Mary Lou Swayne, Administratrix of the Estate of the late Walter F. Merriman, hereby, being duly sworn, state as follows:

I have been apprised ... of my right to seek the advice and counsel of a separate law firm regarding the case of Patricia Marks ... including post trial proceedings and also, including any rights which the Estate of the late Walter F. Merriman may have regarding bad faith against Nationwide Insurance Company. *I have also been advised by said law firm of the ability of the Estate to assign any such rights regarding a potential bad faith claim to the Plaintiffs in this case.*

*However, I have chosen, knowingly, willfully, and voluntar[il]y, not* to engage the services of separate counsel, or *to assign any rights to any such potential bad faith claim to the Plaintiffs or to any other person.*

Moreover, it is my considered belief that, at all times, Nationwide Insurance Company and the Attorneys hired by Nationwide Insurance to represent the interest of the Estate of the late Walter F. Merriman in this proceeding have

been carried out *properly and to my satisfaction.*

Plaintiff's Motion to Disqualify Counsel, 8/20/98, Exhibit C (emphases added). Clearly, Ms. Swayne has not and does not intend to assign to Appellant any rights she may have against Appellee.

 ¶ 11 Pennsylvania law prohibits a plaintiff, as a judgment creditor, from maintaining an action against the insurer of the tortfeasor on bad faith claims when those claims have not been expressly assigned by the tortfeasor and when any bad faith claim against the insurer has been expressly rejected by the tortfeasor. *Brown, supra.* In *Brown,* this Court held that an insured's claims against the insurer for breach of fiduciary duty, bad faith, and 42 Pa.C.S. § 8371 are assignable in Pennsylvania. *Id.,* 708 A.2d at 112–13. However, we also held that a third party may not maintain a bad faith action against a tortfeasor's insurer without first obtaining an assignment from the tortfeasor. *Id.* at 110. Clearly, an assignment from Ms. Swayne to Appellant is necessary for the instant case to proceed to trial. Additionally, since Ms. Swayne has expressly rejected any bad faith claims against Appellee and since she has not expressly assigned any of her rights to Appellant, Appellant does not have a cause of action.

¶ 12 Appellant believes that the dissent of *Brown, supra,* supports her argument and that we should adopt it in the instant case. She contends that the majority in that case relied on *dicta* from *Johnson, supra.*[1] To further support her position, Appellant directs us to Justice Cappy's concurring opinion in *Johnson* where he states that the footnote in question is *dicta* and since the Court was not addressing that issue in that case, it should not be construed as precedent.

¶ 13 Appellant also argues that since the Pennsylvania Supreme Court has granted a petition for allowance of appeal in *Brown,* we should infer that it will be reversed. While we respectfully note Judge Del Sole's dissenting opinion in *Brown,* we have long held that as long as the decision has not been overturned by our Supreme Court, a decision by our Court remains binding precedent. *Sorber v. American Motorists Ins. Co.,* 451 Pa.Super. 507, 680 A.2d 881, 882 (1996). Thus, assuming *arguendo* we were inclined to agree with Appellant's position, we nevertheless must affirm the order on the basis of the majority opinion in *Brown, supra.*

¶ 14 Order affirmed.

---

1. In its majority opinion, the Supreme Court states in a footnote, "There is no basis in law for [a plaintiff to institute a bad faith garnishment action against the defendant's insurer] since [the insurer] does not owe money to [the plaintiff], nor does it have in its possession assets belonging to [the plaintiff]. [The insured] fulfilled its contractual obligation and paid the limits of its policy. There is therefore nothing in the hands of [the insurer] which is subject to garnishment." *Johnson, supra,* 664 A.2d at 98.