## Richard A. Papa & Associates P.C. v. Highmark Blue Shield

C.P. of Lawrence County, no. 11537 of 2009.

*Susan M. Papa,* for plaintiff.
*Geri L. Sperling* and *Kenneth S. Kornacki,* for defendant.

COX, *J.,* August 3, 2010—Before the court for disposition are the preliminary objections filed on behalf of the defendant Highmark Blue Shield, which argue that the plaintiff's complaint violates Pa.R.C.P. 1019(h) and (i) because it failed to attach a copy of the agreement between the parties. Additionally, the defendant contends that the court should strike Count II of plaintiff's complaint because the plaintiff has failed to adequately aver that t is an insured as is required pursuant to 42 Pa.C.S. §8371.

The plaintiff Richard A. Papa & Associates P.C., provides pediatric and adolescent physician services and it is located at 183 Enclave Drive, New Castle, Lawrence County, Pennsylvania. The defendant is an insurer within the Commonwealth of Pennsylvania and its principal place of business is located at Fifth Avenue Place, 120 Fifth Avenue, Suite P4420, Pittsburgh, Pennsylvania. According to the complaint, the plaintiff served as a preferred provider and a health service provider for the defendant's policyholders, and the defendant, in return, provides payment on behalf of those patients. On May 5, 2009, the defendant notified the plaintiff that it was reviewing the plaintiff's records pursuant to procedure code 99239. Based on that audit, the defendant requested a refund from the plaintiff in the amount of $2,205.99. The plaintiff now contends that it complied with all the terms of the "prevailing agreement" and the defendant is required to pay for all the necessary medical services provided by the plaintiff. It must be noted that the plaintiff did not attach a copy of the "prevailing agreement" to its complaint.

As a result, the plaintiff has filed suit alleging that the defendant's demand for payment constitutes a breach of

contract. The plaintiff also contends that the defendant acted in bad faith through the denial of payment. Moreover, in Count III of the complaint, the plaintiff seeks declaratory relief to determine the question of payment to, services rendered by the plaintiff regarding procedure code 99239. In response to the plaintiff's complaint, the defendant has filed the aforementioned preliminary objections.

First, the defendant argues that the plaintiff violated Pa.R.C.P. 1019(h) and (i) by failing to attach a copy of the agreement between the parties to the complaint. Pa.R.C.P. 1019(h) requires that the plaintiff state whether its cause of action is based upon a written or oral agreement when the foundation of that claim is an express contract. Moreover, "the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing." Pa.R.C.P. 1019(i). Furthermore, the court may dismiss the plaintiff's complaint in cases where the plaintiff fails to indicate whether the contract is written, does not attach a copy of the written contract and does not explain why the written contract could not be obtained by the plaintiff. *Jones v. City of Philadelphia,* 73 D.&C.4th 246, 272 (Philadelphia Cty. 2005) (citing *Presbyterian Medical Center v. Budd,* 832 A.2d 1066 (Pa. Super. 2003)).

In the current case, the plaintiff's complaint mentions the "prevailing agreement", but fails to state whether the agreement is written or oral and fails to set forth any portion of that agreement. In addition, the plaintiff has not provided the court with an explanation regarding its

failure to attach the "prevailing agreement". The plaintiff has not identified the specific agreement upon which it is relying as it used the term "prevailing agreement", which indicates that the parties may have entered into multiple agreements. Consequently, the defendant may be unable to determine the exact agreement to which the plaintiff is referring. The plaintiff is required to attach a copy of the agreement to the complaint or explain the substance of the agreement with greater specificity. In concurrence with the rule set forth in *Jones,* the court sustains the defendant's first preliminary objection regarding the plaintiff's violation of Pa.R.C.P. 1019(i) and the plaintiff is granted leave to amend its complaint.

Next, the defendant claims that the plaintiff is not an insured and does not qualify for relief pursuant to the Pennsylvania bad faith statute. 42 Pa.C.S. §8371 states:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the *insured,* the court may take all of the following actions: [emphasis added]

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorney fees against the insurer."

It is clear that only an insured may file a bad faith claim against the insurer under 42 Pa.C.S. §8371. *Pennsylvania Medical Society Liability Insurance Company v. Commonwealth Medical Professional Liability Catastrophe Loss Fund,* 804 A.2d 1267, 1271 (Pa. Commw.

2002), *vacated in part by Pennsylvania Medical Society Liability Ins. Co. v. Commonwealth Medical Professional Liability Catastrophe Loss Fund,* 577 Pa. 87, 842 A.2d 379 (2004). Pennsylvania law prohibits any third-party from asserting a statutory bad faith claim against an insurer, unless there has been a proper assignment from the insured. *Marks v. Nationwide Insurance Company,* 762 A.2d 1098, 1101 (Pa. Super. 2000). In order to determine who has the right to recover from an insurance policy, the court must examine the following: (1) who is named as the insured on the policy, (2) who pays the premiums and from what funds and (3) for whose benefit was the policy held. See *Bryant v. Girard Bank,* 358 Pa. Super. 335, 353-54, 517 A.2d 968, 978 (1986).

In the case sub judice, the defendant and the plaintiff entered into an agreement establishing the plaintiff as a preferred provider, a health service provider and a providing physician who was entitled to receive payment from the defendant after providing medical care to the defendant's policyholders. The plaintiff does not aver that it is an insured pursuant to the alleged agreement between the parties. The complaint sets forth that the plaintiff provides medical care and in return it receives payment from the defendant. However, the defendant is acting as an insurer on behalf of the plaintiff's patients. The patients or someone on behalf of the patients are paying for the medical insurance and, in return, the defendant provides compensation to the plaintiff for the necessary medical care. Clearly, the insurance policies are being held for the benefit of the patients, not the plaintiff. In that situation, the patients would be the insured and the defendant would be the insurer. As a result, the plaintiff would retain the designation as a preferred

provider or health service provider, and would not be an insured as required by 42 Pa.C.S. §8371. Therefore, the plaintiff has failed to adequately plead a claim for statutory bad faith as it has not set forth facts sufficient to establish that it is an insured under its agreement with the defendant.

In response to defendant's preliminary objections, the plaintiff argued, in the event the court finds that it did not plead a cause of action for statutory bad faith, that it is still entitled to recover for a common law bad faith claim. However, it is well-established that the common law in Pennsylvania does not provide for a bad faith cause of action against an insurance company. *Johnson v. Progressive Insurance Company,* 987 A.2d 781 (Pa. Super. 2009). Thus, the plaintiff is not entitled to recover for a common-law bad faith claim as it is not recognized as a valid cause of action in Pennsylvania.

Count II of the complaint asserting a cause of action for bad faith, either based on statute or common law, is dismissed.

For the reasons set forth in this opinion, the defendant's preliminary objections are granted and Count II of the plaintiff's complaint is dismissed. The plaintiff has been granted leave to amend its complaint.

## ORDER

Now this, August 3, 2010, this case being before the court for disposition of the preliminary objections filed on behalf of the defendant, and after a consideration of the briefs submitted by both counsel and a complete and thorough review of the applicable record, the court enters

the following order and it is hereby ordered, adjudged and decreed as follows:

(1) The preliminary objection alleging a violation of Pa.R.C.P. 1019(h) and (i) is hereby sustained.

(2) The court grants leave for plaintiff to amend the complaint within 20 days after notice of this order of court in order to be in compliance with said rules.

(3) The preliminary objection to Count II, the bad faith claim, is hereby sustained.

(4) Count II claiming a cause of action of bad faith is hereby dismissed with prejudice.

(5) The prothonotary is directed to serve a copy of this order of court upon counsel of record.