J-S71030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JUSTIN LEE SCHREIBER | |
| Appellee | No. 1020 MDA 2014 |

Appeal from the Judgment of Sentence May 22, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001014-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED FEBRUARY 02, 2015**

Appellant, the Commonwealth of Pennsylvania, appeals from the judgment of sentence entered by the Honorable Craig T. Trebilcock, Court of Common Pleas of York County, contending that the trial court erred in concluding that the statutory maximum sentence for a second-time conviction for DUI-refusal is six months.  After careful review, we affirm.

Appellee, Justin Lee Schreiber, pled guilty to driving under the influence of alcohol – refusal of blood test on May 22, 2014.  As this was Schreiber's second DUI offense in the last ten years, the offense was graded as a first-degree misdemeanor pursuant to 75 Pa.C.S.A. § 3803(b)(4).  The trial court concluded, over the Commonwealth's objection, that pursuant to

_____

[*] Former Justice specially assigned to the Superior Court.

this Court's opinion in **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013), the statutory maximum sentence for this conviction was six months. As a result, the trial court sentenced Schreiber to a term of imprisonment of time served to six months. The Commonwealth then filed this timely appeal.

On appeal, the Commonwealth argues that the trial court's reliance upon **Musau** was mistaken. First, the Commonwealth contends that this Court's opinion in **Commonwealth v. Barr**, 79 A.3d 668 (Pa. Super. 2013) overruled **Musau**. However, **Barr** did not address **Musau** or its holding that the statutory maximum for a conviction under 75 Pa.C.S.A. § 3803(b)(4) was six months. Rather, the **Barr** panel was concerned with the validity of a jury instruction on the issue of the defendant's refusal of blood testing. The panel concluded that the instruction was erroneous. **See Barr**, 79 A.3d at 677. In discussing the procedural history of the appeal, the panel noted that "the jury's 'refusal' determination also increased Appellant's statutory maximum penalty from six months' imprisonment to five years' imprisonment." **See id**., at 674.

It is well established that a three-judge panel of this Court is not empowered to overrule a previously published opinion of this Court. **See Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013). This is especially true if the subsequent panel does not have the exact same issue before it and does not explicitly acknowledge that it disagrees with the prior

- 2 -

case. As such, we conclude that the **Barr** panel did not intend, nor did it have the power, to overrule **Musau**.

In the alternative, the Commonwealth urges this Court to ignore **Musau** due to the Supreme Court of Pennsylvania's grant of review of this issue in **Commonwealth v. Mendez**, 71 A.3d 250 (Pa. 2013).[1] The Pennsylvania Supreme Court in **Musau** is holding the petition for allocatur in abeyance pending its decision in **Mendez.** As such, the opinion of this Court in **Musau** remains binding law.[2] We therefore conclude that the Commonwealth's issue on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

---

[1] **See** Order Holding Petition for Allowance of Appeal, No. 510 EAL 2013, 2/11/14. The Supreme Court granted allocatur in **Mendez** to address the issue of whether "in upholding a sentence that exceeds the statutory maximum explicitly set out in 75 Pa.C.S. § 3803, did not the majority violate the rules of statutory construction in order to avoid what it saw as "problematic consequences" resulting from a straightforward application of the statute?" **See Commonwealth v. Mendez**, 49 EAL 2013, Order Granting Allocatur, 7/17/13.

[2] Unless and until the decision of this Court in **Musau** is overturned, it remains binding precedent that we are bound to follow. **See Marks v. Nationwide Ins. Co.**, 762 A.2d 1098, 1101 (Pa. Super. 2000) (despite the Pennsylvania Supreme Court granting a petition for allowance of appeal, a decision remains precedential until it has been overturned by the Pennsylvania Supreme Court).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2015