J-A25045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ELIZABETH LIPSHUTZ AND SUSAN SMIT, EXECUTORS OF THE ESTATE OF CATHERINE FITZSIMMONS, DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| ST. MONICA MANOR, CATHOLIC HEALTHCARE SERVICES, AND ARCHDIOCESE OF PHILADELPHIA, | |
| Appellants | No. 3400 EDA 2013 |

Appeal from the Order Entered October 16, 2013
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: 00614 February Term, 2013

BEFORE:  DONOHUE, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 03, 2015**

Appellants, St. Monica Manor, Catholic Healthcare Services, and the Archdiocese of Philadelphia, appeal, in part, from the trial court's interlocutory order disposing of their preliminary objections in this wrongful death and survival action.  We affirm.

The trial court summarized the factual history of this case as follows:

In 1993, [Appellees, Elizabeth Lipshutz and Susan Smit's,] decedent[,] [Catherine Fitzsimmons,] executed a power of attorney ("1993 POA")[,] which appointed her two daughters as attorneys-in-fact.  The 1993 POA stated, "This power of attorney shall become effective only upon my disability as certified in writing by two physicians.  I would be disabled if I were unable

_____

[*] Retired Senior Judge assigned to the Superior Court.

to manage my property and affairs effectively for reasons such as mental illness, mental deficiency, physical illness or disability, advanced age, chronic use of drugs, chronic intoxication, confinement, detention by a foreign power, or disappearance."

On November 4, 2011, [Appellees'] decedent suffered a stroke and was admitted to Jefferson University Hospital ("Jefferson Hospital"). After the stroke, [Appellee,] Ms. Lipshutz, [Appellees'] decedent's daughter and executor of the estate, obtained a letter from [Appellees'] decedent's physician explaining that the patient's stroke left her "physically unable to care for her son." [Appellees'] decedent remained at Jefferson Hospital for two weeks before she was transferred to [Appellant,] St. Monica Manor's facility. The Jefferson Hospital discharge records state that [Appellees'] decedent had an "impaired mental status." They also demonstrate that she was unable to feed herself.

[Appellees'] decedent entered [Appellant,] St. Monica Manor[,] on November 11, 2011. [Appellees'] decedent's records demonstrate that upon admission she was confused. Some days later, as part of the formal admission process, [Appellee,] Ms. Lipshutz[,] signed an admission agreement. That agreement contained a mandatory arbitration clause. [Appellant,] St. Monica Manor[,] accepted [Appellee,] Ms. Lipshutz's[,] signature pursuant to her power under the 1993 POA[,] which was made part of the nursing home records. She was the only one of [Appellees'] decedent's four surviving children to sign the arbitration agreement.

(Trial Court Opinion, 11/13/13, at 2) (footnotes omitted).

After Catherine Fitzsimmons' death, Appellees brought a wrongful death and survival action against Appellants on February 7, 2013, alleging substandard care at St. Monica Manor. Appellants filed preliminary objections on April 23, 2013.

On May 16, 2013, Appellees filed an amended complaint. Appellants filed preliminary objections on June 5, 2013. The trial court, after a hearing, overruled in part and sustained in part Appellants' preliminary objections.

Specifically, the court held that "[t]he wrongful death claims must remain before this [c]ourt, and the survival claims are remanded to binding arbitration pursuant to the arbitration agreement. All other preliminary objections are denied." (Order, 10/16/13, at unnumbered page 1 (capitalization omitted)). Appellants timely appealed on November 12, 2013.[1]

Appellants raise the following issues for our review:

1. Assuming *arguendo* it is applicable, is this Court's holding in **Pisano v. Extendicare Homes, Inc.**, 77 A.3d 651 (Pa. Super. 2013), *appeal denied*, [86 A.3d 233 (Pa. 2014), *cert. denied*, 134 S. Ct. 2890 (2014)], inconsistent with the FAA [(Federal Arbitration Act, 9 U.S.C. §§ 1-16)], which is a substantive federal law that "includes no exception for personal-injury or wrongful-death claims[,]" **Marmet Health Care Ctr., Inc. v. Brown**, 565 U.S. __, 132 S. Ct. 1201, 1203 (2012), such that **Pisano** (and, in part, the order below) should be reversed and all claims in this action submitted to arbitration?

2. In the alternative, did the [t]rial [c]ourt err in overruling (in part) [Appellants'] preliminary objection that sought to compel arbitration by incorrectly determining that [Appellee,] Elizabeth Lipshutz[,] signed the agreement only in her representative capacity when the express terms of the agreement, which she admits to signing, provide otherwise?

(Appellants' Brief, at 2-3).

Preliminarily we note that "[a]s a general rule, an order denying a party's preliminary objections is interlocutory and, thus, not appealable as of

_____

[1] The trial court did not order Appellants to file a Rule 1925(b) statement of errors, but it filed its Rule 1925(a) opinion on November 13, 2013. **See** Pa.R.A.P. 1925.

right. There exists, however, a narrow exception to this oft-stated rule for cases in which the appeal is taken from an order denying a petition to compel arbitration." ***Elwyn v. DeLuca***, 48 A.3d 457, 460 n.4 (Pa. Super. 2012) (citations and quotation marks omitted).

Our standard of review is well-settled:

Our review of a claim that the trial court improperly denied the appellant's preliminary objections in the nature of a petition to compel arbitration is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition.

***Walton v. Johnson***, 66 A.3d 782, 787 (Pa. Super. 2013) (citation omitted).

In their first issue, Appellants argue that this Court should revisit its decision in ***Pisano*** because it "puts Pennsylvania law on a collision course with the FAA, which includes no exception for personal-injury or wrongful-death claims." (Appellants' Brief, at 13 (citation and internal quotation marks omitted)).[2] We disagree.

"[W]e have long held that as long as the decision has not been overturned by our Supreme Court, a decision by our Court remains binding precedent." ***Marks v. Nationwide Ins. Co.***, 762 A.2d 1098, 1101 (Pa.

---

[2] Although Appellants did not raise this issue with the trial court in their preliminary objections, they did make this argument in both their supplemental brief and at oral argument. (***See*** Appellants' Supplemental Brief, 9/17/13, at 14-19; N.T. Argument, 9/17/13, at 43-44, 49).

Super. 2000), *appeal denied*, 788 A.2d 381 (Pa. 2001). Thus, we must adhere to the holding in **Pisano**.

**Pisano** recognized that both Pennsylvania law and the FAA reflect a liberal policy of favoring arbitration. **See Pisano**, **supra** at 660-61. However, "[t]he existence of an arbitration provision and [such] a . . . policy . . . does not require the rubber stamping of all disputes as subject to arbitration . . . where . . . holding otherwise would operate against principles of Pennsylvania contract law and the FAA." **Id.** at 661 (citations omitted).

Therefore, we conclude that the trial court properly determined that this Court's holding in **Pisano** is consistent with the FAA. (**See** Trial Ct. Op., at 4-8). Accordingly, the trial court did not abuse its discretion and properly denied, in part, Appellants' preliminary objections. **See Walton**, **supra** at 787. Appellants' first issue does not merit relief.

Alternatively, in their second claim, Appellants argue that the trial court erred in finding that Appellee, Elizabeth Lipshutz, signed the admission agreement only in her representative capacity. Specifically, they argue that "[Appellant,] St. Monica Manor's [a]dmission [a]greement makes plain that [Appellee,] Ms. Lipshutz[,] bound herself both as [Appellees' decedent,] Ms. Fitzsimmons' power of attorney **and** in her personal capacity." (Appellants' Brief, at 16) (emphasis added). We disagree.

Our independent review of the record reflects that Ms. Lipshutz signed the admission agreement in her capacity as the resident's representative.

(**See** Admission Agreement, 11/21/11, at 1, 12 (identifying Ms. Lipshutz as "Resident's representative (called Responsible Person).")).

Therefore, we conclude that the trial court properly determined that Appellee, Elizabeth Lipshutz, "signed the arbitration agreement strictly, and only, in her representative capacity[.]" (Trial Ct. Op., at 8). Accordingly, the trial court did not abuse its discretion and properly denied Appellants' preliminary objections, in part. **See Walton**, **supra** at 787. Appellants' second issue does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2015