J. S55010/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELIZABETH MALONEY, | : | IN THE SUPERIOR COURT OF |
| AS ADMINISTRATRIX OF THE ESTATE | : | PENNSYLVANIA |
| OF ELIZABETH JANE RUDOLF | : | |
| | : | |
| v. | : | |
| | : | |
| EXTENDICARE HOMES, INC., D/B/A | : | |
| BELAIR HEALTH AND REHABILITATION | : | |
| CENTER; EXTENDICARE HEALTH | : | |
| FACILITIES, INC.; EXTENDICARE | : | |
| HEALTH FACILITY HOLDINGS, INC.; | : | |
| EXTENDICARE HEALTH SERVICES, | : | |
| INC.; EXTENDICARE HOLDINGS, INC.; | : | |
| EXTENDICARE REIT; EXTENDICARE, | : | |
| L.P.; AND EXTENDICARE, INC., | : | No. 1830 WDA 2014 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered, October 9, 2014,
in the Court of Common Pleas of Westmoreland County
Civil Division at No. 7819 of 2012

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STRASSBURGER, J.*

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.: **FILED NOVEMBER 05, 2015**

Extendicare Homes, Inc., d/b/a Belair Health and Rehabilitation

Center, ***et al.*** (collectively, "Extendicare"), appeal from the order entered

October 9, 2014, overruling Extendicare's preliminary objections in the

nature of a demurrer in this wrongful death and survival action. The trial

court found that the arbitration agreement entered into by the decedent,

Elizabeth Jane Rudolf or her authorized representative, was not binding upon

the non-signatory wrongful death beneficiaries, and they could not be

---

* Retired Senior Judge assigned to the Superior Court.

deemed to have waived their right to a jury trial by the actions of the decedent's representative. As such, the trial court determined that the beneficiaries bringing the wrongful death action in the instant case cannot be compelled to litigate their claims in arbitration.

Furthermore, the trial court refused to sever the survival action and compel arbitration on that claim. The trial court ruled that Pa.R.C.P. 213(e) requires that survival actions be consolidated with wrongful death actions for trial. Therefore, the trial court refused to enforce the arbitration agreement.

This matter is directly controlled by recent case law from this court including *Tuomi v. Extendicare, Inc.*, ___ A.3d ___, 2015 WL 3791409 (Pa.Super. June 18, 2015); *Taylor v. Extendicare Health Facilities, Inc.*, 113 A.3d 317 (Pa.Super. 2015), *appeal granted*, ___ A.3d ___, 2015 WL 5569766 (Pa. 2015); and *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651 (Pa.Super. 2013), *appeal denied*, 86 A.3d 233 (Pa. 2014), *cert. denied*, ___ U.S. ___, 134 S.Ct. 2890 (2014). *See Marks v. Nationwide Ins. Co.*, 762 A.2d 1098, 1101 (Pa.Super. 2000) (this court continues to follow controlling precedent as long as decision has not been overturned by our supreme court), *appeal denied*, 788 A.2d 381 (Pa. 2001). These decisions address the precise points raised in the case *sub judice*. The trial court did not err in refusing to compel private arbitration of the survival claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2015