J-A26023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANDRA A. CHRISTMAN, ADMINISTRATRIX OF THE ESTATE OF ESTER I. STRAUSE, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MANOR CARE OF WEST READING PA, LLC, D/B/A MANORCARE HEALTH SERVICES – WEST READING NORTH, AND MANORCARE HEALTH SERVICES, INC. AND HCR MANORCARE, INC., AND MANORCARE INC. AND HCR HEALTHCARE, LLC, AND HCR II HEALTHCARE, LLC, AND HCR III HEALTHCARE, LLC, AND HCR IV HEALTHCARE, LLC | |
| Appellants | No. 1226 MDA 2013 |

Appeal from the Order June 13, 2013
In the Court of Common Pleas of Berks County
Civil Division at No(s): 12-4389

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

CONCURRING MEMORANDUM BY JENKINS, J.:  **FILED JANUARY 05, 2016**

I agree with the learned majority that, under ***Pisano***, the wrongful death beneficiaries cannot be forced to arbitrate this matter.  Unlike the majority, however, I feel that the survival and wrongful death claims should

be bifurcated, with the survival claims proceeding to arbitration and the wrongful death claims proceeding to trial.[1]

I acknowledge that this Court has stated:

[C]ompelling arbitration upon individuals who did not waive their right to a jury trial would infringe upon wrongful death claimants' constitutional rights. This right, as preserved in the Seventh Amendment of the United States Constitution, "is enshrined in the Pennsylvania Constitution," and "the constitutional right to a jury trial, as set forth in Pa. Const. art. 1, § 6, does not differentiate between civil cases and criminal cases." *Bruckshaw v. Frankford Hospital of City of Philadelphia*, 58 A.3d 102, 108–109 (Pa.2012). Denying wrongful death claimants this right where they did not waive it of their own accord would amount to this Court placing contract law above that of both the United States and Pennsylvania Constitutions. *Commonwealth v. Gamble*, 62 Pa. 343, 349 (1869) ("But that the legislature must act in subordination to the Constitution needs no argument to prove....").

*Pisano*, 77 A.3d 661-62.

I further acknowledge that Pennsylvania Rule of Civil Procedure 213 requires that wrongful death and survival claims be litigated together. Rule 213 provides, in pertinent part:

A cause of action for the wrongful death of a decedent and a cause of action for the injuries of the decedent which survives his or her death may be enforced in one action, but if

---

[1] This Court's recent decision in *MacPherson v. Magee Mem'l Hosp. for Convalescence*, ___ A.3d ___, 2015 WL 7571937 (Pa.Super. Nov. 25, 2015) (*en banc*), addressed many of the same issues present in the instant appeal, but did not involve any 42 Pa.C.S. § 8301 wrongful death beneficiaries. Therefore, *MacPherson* did not reach the bifurcation issue discussed herein.

independent actions are commenced they shall be consolidated for trial.

Pa.R.C.P. 213(e).

Here, however, consolidation in non-arbitration court proceedings would render the Agreement, valid through Christman's signature, a nullity, and would, in turn, conflict with the Federal Arbitration Act ("FAA"). In **Pisano**, this Court explained federal and state policies regarding arbitration as follows:

> . . . Pennsylvania has a well-established public policy that favors arbitration, and this policy aligns with the federal approach expressed in the Federal Arbitration Act ("FAA"). **Gaffer** [**Ins. Co. v. Discover Reinsurance Co.**], 936 A.2d [1109,] 1113 [(Pa.Super.2007)]; 9 U.S.C.A. Ch. 1 §§ 1–16 (West 1990). "[T]he fundamental purpose of the Federal Arbitration Act is to relieve the parties from expensive litigation and 'to help ease the current congestion of court calendars.'" **Joseph Muller Corporation Zurich v. Commonwealth Petrochemicals, Inc.**, 334 F.Supp. 1013, 1019 (S.D.N.Y.1971) (quoting **Robert Lawrence Co. v. Devonshire Fabrics, Inc.**, 271 F.2d 402, 410 (2d Cir.1959)). Its passage was "'a congressional declaration of a liberal federal policy favoring arbitration agreements.'" **Gaffer**, 936 A.2d at 1113 (quoting **Moses H. Cone Memorial Hospital v. Mercury Construction Corp.**, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).
>
> This policy, however, was not intended to render arbitration agreements more enforceable than other contracts, and the FAA "had not been designed to preempt all state law related to arbitration." **Gaffer**, 936 A.2d at 1113–1114 (citing **E.E.O.C. v. Waffle House, Inc.**, 534 U.S. 279, 293–294, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002); **Thibodeau v. Comcast Corp.**, 912 A.2d 874, 879–880 (Pa.Super.2006)). "Rather, when addressing the specific issue of whether there is a valid agreement to arbitrate, courts generally should apply ordinary state-law principles that govern the formation of contracts, but in doing so, must give due regard to the federal policy favoring

arbitration." ***Gaffer***, 936 A.2d at 1114 (internal quotation omitted).

***Pisano***, 77 A.3d at 660-61 (footnotes omitted).[2]  Furthermore, the Supreme Court of the United States has recognized and accepted the fact that application of a valid arbitration clause may produce piecemeal litigation. ***See KPMG LLP v. Cocchi***, 132 S. Ct. 23, 24, 181 L. Ed. 2d 323 (2011) (citing ***Dean Witter Reynolds Inc. v. Byrd***, 470 U.S. 213, 217, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985)) ("The Act has been interpreted to require that if a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this will lead to piecemeal litigation.").

Briefly stated, I see no way to both give Manor Care the benefit for which it bargained regarding the survivor claims and maintain the inviolate right of statutory wrongful death beneficiaries to a trial by jury on related, but not derivative, wrongful death claims without bifurcating this matter.

I find persuasive the federal court's reasoning in ***Northern Health Facilities v. Batz***, 993 F.Supp.2d 485 (M.D.Pa.2014), wherein the court found that a piecemeal resolution to survival and wrongful death claims is appropriate where necessary to give effect to arbitration agreements.

---

[2] "The FAA, however, does preempt state law that categorically prohibits arbitration of particular types of claims, which 'is contrary to the terms and coverage of the FAA.'" ***Pisano***, 77 A.3d at 661 n.7 (quoting ***Marmet Health Care Center, Inc. v. Brown***, 132 S.Ct. 1201, 1203–1204, 182 L.Ed.2d 42 (2012).  Such a prohibition is not at issue here.

Further, I also find persuasive the cogent reasoning in favor of bifurcation put forth by one of our Courts of Common Pleas as follows:

> Although bifurcation of wrongful death claims from the survival claims runs afoul of the clear import and intent of Pa.R.C.P. 213(e), the main policy considerations underlying this Rule are to prevent the duplication of damages and thus promote judicial economy. However, compensation for loss of earnings is the only significant overlap in damages between [42 Pa.C.S. § 8301 and 42 Pa.C.S. § 8302]. Here there can be virtually no significant claim for lost earnings. Therefore, this concern is insufficient to override shared state and federal policy promoting arbitration. Similarly, an interest in promoting judicial economy is insufficient, standing alone, to override joint state and federal policy and Federal preemption.

*Lipshutz v. St. Monica Manor*, 33 Pa. D&C.5th 438, 448 (Pa.C.P.2013) (footnotes omitted).[3]

I feel that, regardless of the judicial economy implications, the fear of piecemeal litigation must yield to the rights of one party to receive its bargained-for contractual benefits and another's right to a trial by jury. For this reason, I agree with the *Batz* and *Lipshutz* courts' analyses and find that, in the interest of balancing judicial economy and the public policy favoring arbitration, the instant matter should be bifurcated, with the survival claims proceeding to arbitration, and the wrongful death claims proceeding in state court.

_____

[3] I acknowledge that "common pleas court decisions are not binding on appellate courts." *Branham v. Rohm & Haas Co.*, 19 A.3d 1094, 1103 (Pa.Super.2011). However, I find this analysis both cogent and applicable.

In light of the liberal policy favoring arbitration agreements, and for the reasons stated above, I would reverse and remand this case for referral to arbitration, with the exception of wrongful death beneficiary claims brought pursuant to 42 Pa.C.S. § 8301(b), which I would allow to proceed in court. However, I acknowledge that this Court's opinion in ***Taylor v. Extendicare Health Facilities, Inc.***, 113 A.3d 317 (Pa.Super.2015), *allocatur granted*, 122 A.3d 1036 (Pa. Sept. 23, 2015), controls this matter and found, as did the majority, that the bifurcation of such claims would be improper. Although our Supreme Court has granted allocatur in ***Taylor*** to determine the bifurcation question upon which I disagree with the majority, unless and until overturned, ***Taylor*** remains the controlling law of the Commonwealth. ***See Marks v. Nationwide Ins. Co.***, 762 A.2d 1098, 1101 (Pa.Super.2000) (noting that, despite having been granted a petition for allowance of appeal, a decision remains precedential until it has been overturned by the Pennsylvania Supreme Court). Accordingly, I am constrained to concur with the majority's determination.