J-S13022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NANCY D. MARTZ, EXECUTRIX OF THE ESTATE OF HARRY L. OTTO, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GOLDEN GATE NATIONAL SENIOR CARE, LLC, GGNSC ALTOONA HILLVIEW LP, D/B/A GOLDEN LIVINGCENTER-HILLVIEW GP LLC, GGNSC HOLDINGS LLC, GGNSC EQUITY HOLDINGS, LLC, GGNSC ADMISTRATIVE SERVICES, LLC, GGNSC CLINICAL SERVICES, LLC, DENISE CURRY, AN INDIVIDUAL, AND ROBERT ETCHELLS, NHA, | |
| Appellants | No. 855 WDA 2015 |

Appeal from the Order Dated May 12, 2015
In the Court of Common Pleas of Blair County
Civil Division at No: 2014-01657

BEFORE:  LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 25, 2016**

Golden Gate National Senior Care, LLC, **et al.** (collectively, "Golden Gate") appeals from the May 12, 2015 order of the Court of Common Pleas of Blair County ("trial court"), which overruled Golden Gate's preliminary objections to compel arbitration of claims brought under the Wrongful Death

_____

[*] Former Justice specially assigned to the Superior Court.

and Survival Acts.[1]  The claims arise from the death of Harry L. Otto, after he was a resident at a skilled nursing facility operated by Golden Gate.

Relying principally upon our decisions in ***Taylor v. Extendicare Health Facilities, Inc.***, 113 A.3d 317 (Pa. Super. 2015), ***appeal granted***, 112 A.3d 1036 (Pa. 2015), and ***Tuomi v. Extendicare Inc.***, 119 A.3d 1030 (Pa. Super. 2015), the trial court found that the arbitration agreement entered into by Nancy Martz, as a legal representative of decedent, was not binding upon the non-signatory wrongful death beneficiaries, and they could not be deemed to have waived their right to a jury trial by the actions of the decedent's representative.  As such, the trial court determined that the beneficiaries bringing the wrongful death action in the instant case could not be compelled to litigate their claims in arbitration.  Moreover, the trial court refused to sever the survival action and compel arbitration on that claim.  Specifically, the trial court noted that survival actions had to be joined with wrongful death claims under Pa.R.C.P. No. 213(e) and that such joinder did not violate the Federal Arbitration Act, 9 U.S.C. § 2.

Although Golden Gate admits that ***Taylor*** and ***Tuomi*** control the outcome in this case, it nonetheless invites us to reconsider the cases.  We, however, are obliged to decline the invitation.  ***See Regis, Inc. v. All Am.***

---

[1] Respectively, 42 Pa.C.S.A. §§ 8301 and 8302.  Though the order is interlocutory, we have jurisdiction under 42 Pa.C.S.A. § 7320.  ***See*** Pa.R.A.P. 311(a)(8).

***Rathskeller, Inc.***, 976 A.2d 1157, 1161 n.6 (Pa. Super. 2009) (quotation omitted) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court."); ***see also Marks v. Nationwide Inc. Co.***, 762 A.2d 1098, 1101 (Pa. Super. 2000) (noting that this Court continues to follow controlling precedent as long as decision has not been overturned by our Supreme Court), ***appeal denied***, 788 A.2d 381 (Pa. 2001). Based on ***Taylor*** and ***Tuomi***, we affirm the trial court's order overruling Golden Gate's preliminary objections.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2016