J. S14003/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LORRAINE F. BROSIUS, AS EXECUTRIX FOR THE ESTATE OF WILLIAM B. BROSIUS, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HCR MANORCARE, LLC, MANOR CARE OF LANCASTER PA, LLC, D/B/A MANORCARE HEALTH SERVICES-LANCASTER, MANORCARE HEALTH SERVICES, INC. A/K/A MANORCARE HEALTH SERVICES, LLC, MANOR CARE, INC., HCR MANORCARE, INC., HCR IV HEALTHCARE, LLC, HCR III HEALTHCARE, LLC, HCR II HEALTHCARE, LLC, HCR HEALTHCARE, LLC, HCRMC OPERATIONS, LLC, HCR MANORCARE OPERATIONS II, LLC, HEARTLAND EMPLOYMENT SERVICES, LLC, SELECT MEDICAL CORPORATION, SELECT MEDICAL OF PENNSYLVANIA, INC., SELECT SPECIALTY HOSPITALS, INC., SELECT SPECIALTY HOSPITAL-CAMP HILL, INC., AND SELECT SPECIALTY HOSPITAL-CENTRAL PENNSYLVANIA, L.P. F/K/A SELECT SPECIALTY HOSPITAL-CAMP HILL LP, D/B/A SELECT SPECIALTY HOSPITAL-YORK, | |
| Appellants | No. 789 MDA 2015 |

Appeal from the Order Entered April 13, 2015,
in the Court of Common Pleas of Lancaster County
Civil Division at No. CI-14-05498

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., AND STEVENS, P.J.E.*

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 25, 2016**

---

* Former Justice specially assigned to the Superior Court.

Appellants appeal from the order of April 13, 2015, overruling their preliminary objection in the nature of a motion to compel arbitration. We affirm.

The trial court briefly summarized the history of this case as follows:

> This case involves negligence claims against Manor Care for injuries culminating in the December 14, 2013, death of executrix Lorraine F. Brosius' husband and decedent, William B. Brosius (Decedent). According to the complaint, Decedent was a resident at the Manor Care facility from June 27, 2013, through July 15, 2013. Decedent was admitted to the facility after undergoing surgery at Lancaster General Health to repair his broken right femur, an injury he sustained after falling from a stepladder at his home. During his residency at the Manor Care facility, Brosius alleges that the facility was mismanaged, underbudgeted, and grossly understaffed to the point that the facility failed to provide adequate and appropriate health care, failed to provide proper medication, and failed to provide sufficient food and water, causing Decedent to suffer a Stage III sacral ulcer, pneumonia, urinary tract infections, sepsis, C-Diff, dehydration, malnutrition, poor hygiene, severe pain, and ultimately death.
>
> On June 12, 2014, Brosius filed a complaint asserting wrongful death and survival claims against Manor Care. Brosius alleged therein that Manor Care's professional negligence and reckless conduct caused or contributed to the severe injuries and death of her Decedent.
>
> Manor Care filed preliminary objections to the complaint seeking, ***inter alia***, to compel this matter to arbitration, as provided in an arbitration agreement executed on Decedent's behalf by his wife, Brosius. [Footnote 2] (***See*** Manor Care Preliminary Objections, Exhibit "B".) By Order entered April 13, 2015, this Court overruled the

- 2 -

> preliminary objection, relying upon [***Taylor v. Extendicare Health Facilities, Inc.***, 113 A.3d 317 (Pa.Super. 2015), ***appeal granted***, 122 A.3d 1036 (Pa. 2015)], which held that "the wrongful death beneficiaries' constitutional right to a jury trial and the state's interest in litigating wrongful death and survival claims together require that they all proceed in court rather than arbitration." [***Id.*** at 328.]
>
> ---
>
> [Footnote 2] This agreement provided that any claims arising out of or in any way relating to the agreement or to Decedent's stay at the Facility, including claims of malpractice, "shall be submitted to arbitration." (***See*** Manor Care Preliminary Objections, Exhibit "B" at ¶ 1.)

Trial court opinion, 6/2/15 at 2-3.

This timely appeal followed. Appellants complied with Pa.R.A.P. 1925(b), and the trial court filed a Rule 1925(a) opinion.

This matter is directly controlled by recent case law from this court, including ***Tuomi v. Extendicare, Inc.***, 119 A.3d 1030 (Pa.Super. 2015); ***Taylor***, ***supra***; and ***Pisano v. Extendicare Homes, Inc.***, 77 A.3d 651 (Pa.Super. 2013), ***appeal denied***, 86 A.3d 233 (Pa. 2014), ***cert. denied***, ___ U.S. ___, 134 S.Ct. 2890 (2014). ***See Marks v. Nationwide Ins. Co.***, 762 A.2d 1098, 1101 (Pa.Super. 2000) (this court continues to follow controlling precedent as long as the decision has not been overturned by our supreme court), ***appeal denied***, 788 A.2d 381 (Pa. 2001). These decisions address the precise points raised in the case ***sub judice***. The trial court did not err in refusing to compel arbitration of this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2016