J-S33014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEBORA A. STUBITS, ADMINISTRATRIX OF THE ESTATE OF RICHARD F. DOMBROWSKI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC ERIE WESTERN RESERVE, LP, D/B/A GOLDEN LIVING CENTER-WESTERN RESERVE; GGNSC HOLDINGS, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GGNSC CLINICAL SERVICES, LLC; GOLDEN GATE ANCILLARY LLC; GPH ERIE WESTERN RESERVE LLC; GGNSC ERIE WESTERN RESERVE GP LLC; ELIZABETH KACHEL, NHA;  DENISE CURRY, RVP; MILLCREEK COMMUNITY HOSPITAL; MILLCREEK HEALTHY SYSTEM | |
| APPEAL OF:  GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC ERIE WESTERN RESERVE, LP, D/B/A GOLDEN LIVING CENTER-WESTERN RESERVE; GGNSC HOLDINGS, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GGNSC CLINICAL SERVICES, LLC; GOLDEN GATE ANCILLARY, LLC; GPH ERIE WESTERN RESERVE, LLC; GGNSC ERIE WESTERN RESERVE GP, LLC; ELIZABETH KACHEL, NHA;  DENISE CURRY, RVP | No. 1160 WDA 2015 |

Appeal from the Order Entered July 8, 2015
in the Court of Common Pleas of Erie County Civil Division
at No(s): 12386 of 2014

J-S33014-16

BEFORE: GANTMAN, P.J., OLSON, J., and FITZGERALD,[*] J.

JUDGMENT ORDER BY FITZGERALD, J.:                    **FILED MAY 26, 2016**

Appellants, Golden Gate National Senior Care, LLC, *et al.* (collectively "Golden Gate"), appeal from the order entered in the Erie County Court of Common Pleas overruling their preliminary objections seeking to compel arbitration of their wrongful death and survival actions.[1] The claims arise from the death of Richard F. Dombrowski ("Decedent"), a resident at Golden Living Center-Western Reserve.

The trial court found the arbitration agreement signed by Decedent was not binding upon the non-signatory wrongful death beneficiaries, relying upon this Court's decisions in ***Pisano v. Extendicare Homes, Inc.***, 77 A.3d 651 (Pa. Super. 2015), ***Taylor v. Extendicare Health Facilities, Inc.***, 113 A.3d 317 (Pa. Super. 2015), *appeal granted*, 122 A.3d 1036 (Pa. 2015), and ***Tuomi v. Extendicare, Inc.***, 119 A.3d 1030 (Pa. Super. 2015).[2]

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** R.R. at 429a. For the parties' convenience, we refer to the reproduced record. The order further stated: "Based upon the Stipulation agreed upon by both counsel at the time of the hearing on July 1st, 2015 to withdraw [Appellants'] Preliminary Objections B, C, D, E, F and G, said Preliminary Objections B, C, D, E, F and G are hereby WITHDRAWN." **Id.** at 430a.

[2] "Appellants acknowledge that the **Taylor** and **Tuomi** decisions are binding precedent on the trial court." Appellants' Brief at 5 n.1.

- 2 -

Additionally, the trial court declined to bifurcate the wrongful death and survival claims, citing Pa.R.C.P. 213(e).[3]

This matter is controlled by *Pisano*, *Taylor*, and *Tuomi*. *See Marks v. Nationwide Ins. Co.*, 762 A.2d 1098, 1101 (Pa. Super. 2000) ("[W]e have long held that as long as the decision has not been overturned by our Supreme Court, a decision by our Court remains binding precedent." (citation omitted)). Accordingly, we affirm the trial court's order overruling Golden Gate's preliminary objections based upon *Pisano*, *Taylor*, and *Tuomi*.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2016

---

[3] Rule 213 provides:

> A cause of action for the wrongful death of a decedent and a cause of action for the injuries of the decedent which survives his or her death may be enforced in one action, but if independent actions are commenced they shall be consolidated for trial.

Pa.R.C.P. 213(e).