J-S33013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TOM FOSTER, ADMINISTRATOR OF THE ESTATE OF KENNETH W. FOSTER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GOLDEN GATE NATIONAL SENIOR CARE, LLC; ERIE OPERATING, LLC D/B/A GOLDEN LIVINGCENTER - WALNUT CREEK; ERIE ACQUISITION, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC HOLDINGS, LLC; GGNSC CLINICAL SERVICES, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; SPECTRA HEALTHCARE ALLIANCE VI, LLC; SPECTRA HEALTHCARE ALLIANCE INC; BEVERLY ENTERPRISES, INC.; AND DENISE CURRY, AN INDIVIDUAL. | |
| Appellants | No. 1147 WDA 2015 |

Appeal from the Order Entered July 7, 2015
in the Court of Common Pleas of Erie County Civil Division
at No(s): 10202 of 2004

BEFORE: GANTMAN, P.J., OLSON, J., and FITZGERALD,[*] J.

JUDGMENT ORDER BY FITZGERALD, J.: **FILED MAY 26, 2016**

Appellants, Golden Gate National Senior Care, LLC, *et al.* (collectively

"Golden Gate"), appeal from the order entered in the Erie County Court of

Common Pleas overruling their preliminary objections seeking to compel

---

[*] Former Justice specially assigned to the Superior Court.

arbitration of their wrongful death and survival actions.[1]  The claims arise from the death of Kenneth W. Foster ("Decedent"), a resident at Golden Living Center-Walnut Creek.

The trial court found the arbitration agreement signed by Decedent was not binding upon the non-signatory wrongful death beneficiaries, relying upon this Court's decisions in *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651 (Pa. Super. 2015), *Taylor v. Extendicare Health Facilities, Inc.*, 113 A.3d 317 (Pa. Super. 2015), *appeal granted*, 122 A.3d 1036 (Pa. 2015), and *Tuomi v. Extendicare, Inc.*, 119 A.3d 1030 (Pa. Super. 2015).[2] Additionally, the trial court declined to bifurcate the wrongful death and survival claims, citing Pa.R.C.P. 213(e).[3]

---

[1] The court found that the remaining preliminary objections were moot as Appellants and Appellee, Tom Foster, Administrator of the Estate of Kenneth W. Foster, Deceased, "stipulated that those matters would be raised and addressed at a later time."  R.R. at 424a.  For the parties' convenience, we refer to the reproduced record.

[2] Appellants "acknowledge that the *Pisano*, *Taylor* and *Tuomi* decisions are binding precedent on the trial court."  Appellants' Brief at 4 n.1.

[3] Rule 213 provides:

> A cause of action for the wrongful death of a decedent and a cause of action for the injuries of the decedent which survives his or her death may be enforced in one action, but if independent actions are commenced they shall be consolidated for trial.

Pa.R.C.P. 213(e).

This matter is controlled by *Pisano*, *Taylor*, and *Tuomi*. *See Marks v. Nationwide Ins. Co.*, 762 A.2d 1098, 1101 (Pa. Super. 2000) ("[W]e have long held that as long as the decision has not been overturned by our Supreme Court, a decision by our Court remains binding precedent." (citation omitted)). Accordingly, we affirm the trial court's order overruling Golden Gate's preliminary objections based upon *Pisano*, *Taylor*, and *Tuomi*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2016