J-S44004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT BALDISH | |
| Appellant | No. 582 WDA 2014 |

Appeal from the Judgment of Sentence March 6, 2014
in the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000569-2012

BEFORE: LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED SEPTEMBER 16, 2015**

Appellant Albert Baldish appeals from the judgment of sentence entered in the Cambria County Court of Common Pleas following his jury trial conviction for two counts of aggravated indecent assault of a person less than fourteen years of age,[1] two counts of aggravated indecent assault of a person less than thirteen years of age,[2] three counts of aggravated indecent assault of a person less than sixteen years of age,[3] two counts of indecent assault of a person less than fourteen years of age,[4] two counts of

_____

[1] 18 Pa.C.S. § 3125(a)(6).

[2] 18 Pa.C.S. § 3125(a)(7).

[3] 18 Pa.C.S. § 3125(a)(8).

[4] 18 Pa.C.S. § 3126(a)(6).

indecent assault of a person less than thirteen years of age,[5] three counts of indecent assault of a person less than sixteen years of age,[6] seven counts of corruption of minors,[7] ten counts of rape by threat of forcible compulsion,[8] five counts of involuntary deviate sexual intercourse by forcible compulsion,[9] five counts of involuntary deviate sexual intercourse by threat of forcible compulsion,[10] five counts of incest,[11] and five counts of statutory sexual assault.[12] We affirm Appellant's convictions, but vacate his judgment of sentence and remand for resentencing.

The tragic but straightforward facts of this matter are as follows. In September of 2011, Appellant's daughter revealed to police detectives that Appellant had forced her to engage in sexual acts with him on a weekly basis throughout the 1990s.[13] Police filed a criminal complaint alleging the above-

---

[5] 18 Pa.C.S. § 3126(a)(7).

[6] 18 Pa.C.S. § 3126(a)(8).

[7] 18 Pa.C.S. § 6301(a)(1).

[8] 18 Pa.C.S. § 3121(a)(2).

[9] 18 Pa.C.S. § 3123(a)(1).

[10] 18 Pa.C.S. § 3123(a)(2).

[11] 18 Pa.C.S. § 4302.

[12] 18 Pa.C.S. § 3122.1.

[13] The Commonwealth charged Appellant with only one count of aggravated indecent assault and one count of indecent assault per year, with a crime
*(Footnote Continued Next Page)*

referenced crimes. Following a trial conducted in mid-August 2013, the jury convicted Appellant as indicated **supra**. On March 6, 2014, the trial court sentenced Appellant to an aggregate term of 35 to 70 years of incarceration. On March 17, 2014, Appellant filed a timely[14] post-sentence motion for a new trial based on the weight of the evidence. The trial court denied the post-trial motion on March 26, 2014, and Appellant timely appealed on April 8, 2014.

Appellant raises the following claims for our review:

I. The trial court erred in allowing the Commonwealth to introduce prejudicial Pa.R.E. 404(b) evidence under the guise of a prior inconsistent statement.

II. The jury's verdict was against the weight of the evidence, as the Commonwealth's case was wholly premised on a complainant's uncorroborated and impeached testimony that was contradicted by every other witness who testified at trial.

*(Footnote Continued)* ─────────────

date of December 31st for each year. The previous versions of 18 Pa.C.S. §§ 3125 & 3126 prohibited contact between complainants under the age of 14 and defendants over the age of 18. **See** 1990 P.L. 6, No. 4 §§ 5, 6. In mid-1995, the General Assembly amended the statutes to forbid situations of contact with complaints under the age of 13, or where the complainant was less than 16 years of age and the defendant was four or more years older than the complainant and the two were unmarried. **See** 18 Pa.C.S. §§ 3125(6)&(7), 3126(a)(6)&(7); **see also** 1995 P.L. 985, No. 10 (Spec. Sess. No. 1), § 9. Therefore, the Commonwealth proceeded under subsection 6 of 18 Pa.C.S. §§ 3125 & 3126 for the crimes of aggravated indecent assault and indecent assault which occurred in 1993 and 1994, under subsection 7 for the assaults in 1995 and 1996, and under subsection 8 for the assaults in the years 1997, 1998, and 1999.

[14] The tenth day following Appellant's conviction fell on March 16, 2014, a Sunday. Accordingly, Appellant's post-sentence motion was timely filed on March 17, 2014, the next business day.

- 3 -

III. The sentencing court imposed an illegal sentence by imposing mandatory sentences under 42 Pa.C.S. § 9718, which is now unconstitutional in light of **Alleyne v. United States**, --- U.S. ----, 133 S.Ct. 2151 (2013).

Appellant's Brief, p. 4.

First, Appellant claims the trial court erred in allowing the Commonwealth to refer, on cross-examination of his son, to a statement the son made to police in 2007 that, as a child, he witnessed his father having sex with his sister. **See** Appellant's Brief, pp. 22-26. Appellant claimed questions about this report was impermissible prior bad acts evidence prohibited by Pa.R.E. 404(b). **Id.** We disagree.

This Court has stated the well-established standard of review for admission of evidence claims as follows:

> The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. Thus, [this Court's] standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

**Commonwealth v. Lopez**, 57 A.3d 74, 81 (Pa.Super.2012).

Pennsylvania Rule of Evidence 404 reads, in relevant part:

**(b) Crimes, Wrongs or Other Acts.**

*(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

*(3) Notice in a Criminal Case.* In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b).

During cross-examination of Appellant's son (and the victim's brother) ("Brother"), the Commonwealth asked Brother whether he remembered speaking to police in 2007, and whether he had ever told police that when he was a little boy he had walked in on Appellant having sex with the victim. **See** N.T., 8/13/2013, pp. 18, 20-23. Appellant objected and argued that, because the requested testimony related to a report Brother made to police in 2007 during an investigation on unrelated claims that Appellant had abused Brother, the statement was Rule 404(b) prior bad act evidence. **See** **id.** at 19-20. At sidebar, the Commonwealth explained it intended to question Brother about his statement that he had walked in on Appellant and the victim having sex, not the underlying facts of the 2007 investigation.[15]

---

[15] The Commonwealth initially argued that the intended inquiry regarded an inconsistent statement. **See** N.T., 8/13/2013, p. 19. However, the transcript of the sidebar conversation on Appellant's objection makes clear that the Commonwealth intended to question Brother regarding statements he had made about seeing Appellant have sex with the victim. **Id.** at 19-20.
*(Footnote Continued Next Page)*

*Id.* at 19. The trial court found the statement that Brother had seen Appellant having sex with the victim to be a relevant inquiry to the charges at hand, and overruled the objection. *Id.* at 20. The Commonwealth continued its inquiry, and Brother conceded that he had told the police in 2007 that, when he was a little boy, he had walked in on his sister and father having sex.[16] This testimony concerned the very actions for which Appellant was on trial, and was proper cross-examination.[17]

Appellant's attempt to cast the statement as Pa.R.E. 404(b) prior bad acts evidence is unconvincing. The trial court explained it did not regard the admission of the evidence regarding Brother's 2007 statement as an attempt

*(Footnote Continued)* —————————

[16] Brother claimed that he lied in 2007 when he told police he had walked in on his father and sister having sex. N.T., 8/13/2013, pp. 21-22. He explained his then-girlfriend had told him to make this statement. *Id.*

[17] In its charge, the trial court specifically directed the jury to consider the evidence regarding Brother's prior statements to police solely for impeachment purposes. N.T., 8/13/2013, pp. 146-47. This was error. Brother's prior statements regarding walking in on his father having sex with his sister and a second statement in which he said his father forced him to have sex with his sister concerned the very actions that make up the charges against Appellant. Therefore, the trial court should have allowed the jury to consider those statements for substantive purposes, not simply impeachment. However, we presume the jury followed the court's instruction. *Commonwealth v. Robinson*, 864 A.2d 460, 514 (Pa.2004); *see also Commonwealth v. Baker*, 614 A.2d 663, 672 (Pa.1992) ("The presumption in our law is that the jury has followed instructions [of the trial court]"). Because the jury restricting its consideration of this evidence to non-substantive purposes could only have benefitted Appellant, we find the trial court's jury instruction, to the extent it represented error, was harmless.

by the Commonwealth to avoid Pa.R.E. 404(b)'s notice requirements.  Trial Court Pa.R.A.P. 1925(a) Opinion ("1925(a) Opinion"), pp. 3-4.  The court explained the statement was not evidence of Brother's character or prior bad act, crime, or wrongdoing, but instead an allegation that he disclosed to police in 2007 that he walked in on his father having sex with the victim. *Id.*  Further, to the extent Appellant argues the statement constituted prior bad acts of Appellant, he is incorrect.  As stated *supra*, we agree with the trial court that, because this evidence pertained to some of the alleged acts for which Appellant was on trial, it was not 404(b) prior bad act evidence. The trial court did not abuse its discretion in admitting this evidence.

To the extent Brother's answer revealed prior bad act evidence at all,[18] it did so spontaneously, in response to an open-ended prosecution question

_____

[18] Following the sidebar discussion, the Commonwealth again asked Brother whether he remembered making a report to police in 2007.  *See* N.T., 8/13/2013, p. 20.  Brother responded that he told police that "my dad touched me[.]"  *Id.* at 21.  Before either the Commonwealth or Appellant could object or move for sidebar, Brother continued, stating that he had lied to police about his father touching him, thus revealing the reason for the underlying investigation that occasioned the statement.  *Id.*  The prosecutor immediately requested another sidebar conference and moved to strike Brother's response, explaining that she had not intended to elicit the information Brother volunteered about the unrelated abuse investigation. *Id.*  The trial court immediately issued the following curative instruction:

> Ladies and gentlemen, I frankly didn't understand the response, but please ignore it if you felt that there was a response there, ignore it and then we're going to on to a different area of inquiry.

*Id.*

not designed or intended to elicit information other than Brother's admission in the statement that he had walked in on Appellant and victim having sex. *See* N.T., 8/13/2013, pp. 20-21. Further, the trial court promptly instructed the jury to disregard Brother's answer. *See id.* at 21; *see also Robinson*, *supra*; *see also Baker, supra* ("The presumption in our law is that the jury has followed instructions [of the trial court]"). Therefore, Appellant is not entitled to a new trial based on the admission of this evidence.

Next, Appellant claims that his convictions were against the weight of the evidence. *See* Appellant's Brief, pp. 26-30. Specifically, he claims that inconsistencies between the victim's testimony and testimony of other witnesses regarding whether victim's mother or father would take the children to the bus stop in the morning rendered the victim's version of the crimes impossible. *See id.* We do not agree.

The denial of a new trial based on a lower court's determination that the verdict was not against the weight of the evidence is one of the least assailable reasons for granting or denying a new trial. *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa.2013). This Court reviews weight of the evidence claims pursuant to the following standard:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must

do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa.2000) (internal citations, quotations, and footnote omitted).

Stated differently, a court may award a new trial because the verdict is against the weight of the evidence only when the verdict is so contrary to the evidence as to shock one's sense of justice,[19] "such that right must be given another opportunity to prevail." *Commonwealth v. Goodwine*, 692 A.2d 233, 236 (Pa.Super.1997). Moreover, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. *Widmer*, 744 A.2d at 753. When reviewing the trial court's determination, this Court gives the gravest deference to the

---

[19] This Court has explained the notion of "shocking to one's sense of justice" as follows:

When the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

*Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa.Super.2004) (internal citations and quotations omitted).

findings of the court below. We review the court's actions for an abuse of discretion. *Id.*

In prosecutions for sexual offenses, "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant[.]" *Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa.Super.2003); 18 Pa.C.S. § 3106 ("The testimony of a complainant need not be corroborated in prosecutions under this chapter."). Further, the jury, as finder of fact, passes judgment on the credibility of witnesses and is free to believe all, some, or none of the testimony presented. See *Commonwealth v. Thompson*, 106 A.3d 742, 756 (Pa.Super.2014) (quoting *Commonwealth v. Caban*, 60 A.3d 120, 132–133 (Pa.Super.2012)).

Simply stated, the jury's verdict in this matter illustrates that the jury found the victim's testimony regarding the assaults credible. To the extent inconsistencies existed between the victim's testimony and that of other witnesses,[20] such inconsistencies do not prevent conviction. As the trial

_____

[20] Appellant noted the testimony of his son, the victim's mother, a babysitter, and a woman who worked downstairs from their apartment that the mother always took the children to the bus stop in the morning because Appellant was at work. *See* Appellant's Brief, pp. 26-30. Appellant claimed this evidence established that the victim could not have been alone with, and abused by, Appellant in the mornings, as she claimed. *See id.* However, although the trial testimony included inconsistencies, the victim's testimony, regarding grievous abuse she endured 20 years ago as a young child, established that her father abused her, for the most part, when she and he were home together alone because she had stayed home "sick" from school. The testimony regarding which parent regularly took the victim to the school bus in the morning, to the extent such testimony was not

*(Footnote Continued Next Page)*

court explained, "the guilty verdict was not shocking to the judicial conscience despite [Appellant's] claims of inconsistent and incredible testimony by the victim." 1925(a) Opinion, p. 2. Our review of the trial transcript reveals the trial court did not abuse its discretion in denying a new trial based on the weight of the evidence. Accordingly, Appellant's weight of the evidence claim fails.

Lastly, Appellant claims the trial court illegally sentenced him because it applied mandatory minimum sentences under 42 Pa.C.S. 9718, which he argues are illegal pursuant to *Alleyne v. United States*.[21] *See* Appellant's Brief, pp. 31-34. We agree.

Initially, we note that issues regarding the Supreme Court of the United States' decision in *Alleyne* directly implicate the legality of the sentence. *Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa.Super.2014). Our standard of review of questions involving the legality of a sentence is as follows:

> A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction. It is also well-established that if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to

*(Footnote Continued)* ───────────

discredited, or Appellant's work schedule when he was employed, did not render the victim's version of the abuse a "factual impossibility" as Appellant claims. Appellant's Brief, p. 30. On balance, the inconsistencies in the trial testimony neither precluded the victim's story from being true, nor necessitated a jury finding that the victim was lying.

[21] --- U.S. ----, 133 S.Ct. 2151 (2013).

- 11 -

correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary.

***Wolfe***, 106 A.3d at 801-02 (citations omitted).

In this case, Appellant was sentenced under 42 Pa.C.S. § 9718, which requires a mandatory minimum sentence for offenses against infant persons. Section 9718's enforcement provision provides:

> **(c) Proof at sentencing.--**The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9718.

In ***Alleyne***, the Supreme Court of the United States held that the Due Process Clause of the Constitution of the United States requires each factor that increases a mandatory minimum sentence to be submitted to a jury and found beyond a reasonable doubt. ***Alleyne,*** 133 S.Ct. at 2163. Based upon ***Alleyne***, this Court stated in dicta in ***Commonwealth v. Watley*** that sections 7508 and 9712.1 of the Sentencing Code are unconstitutional insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard for factors

- 12 -

other than a prior conviction. **Commonwealth v. Watley**, 81 A.3d 108, 177 n.4 (Pa.Super.2013) (*en banc*), appeal denied, 95 A.3d 277 (Pa.2014).

In **Commonwealth v. Newman**, following our dicta in **Watley**, this Court held that the preponderance of the evidence standard in section 9712.1(c) is unconstitutional under **Alleyne**. **Newman**, 99 A.3d 86 (Pa.Super.2014) (*en banc*). We then addressed whether it was possible to continue enforcing the remaining subsections of section 9712.1 after severing subsection (c). We held that section 9712.1, as a whole, was no longer workable, because subsection (c) was "essentially and inseparably connected" with the mandatory minimum sentencing provision in subsection (a). **Id.** at 101. Accordingly, in **Newman**, we vacated the defendant's judgment of sentence and remanded for resentencing "without consideration of any mandatory minimum sentence provided by section 9712.1." **Id.** at 103.

More recently, this Court specifically analyzed 42 Pa.C.S. § 9718 in **Wolfe**. We recognized that section 9718 contained the same format as section 9712.1, the statute struck down as unconstitutional in **Newman**. **Wolfe**, 106 A.3d at 805. We therefore determined that section 9718 was unconstitutional, vacated the judgment of sentence, and remanded the case

- 13 -

for resentencing without application of the section 9718 mandatory minimum. *Id.* at 806.[22]

Therefore, pursuant to *Wolfe*,[23] because the trial court at least partially sentenced Appellant under the unconstitutional provision of section 9718, we must vacate Appellant's judgment of sentence and remand for resentencing without application of section 9718.

Convictions affirmed. Judgment of sentence vacated; case remanded for resentencing. Jurisdiction relinquished.

---

[22] The Supreme Court of Pennsylvania recently applied *Newman's* reasoning to find a mandatory minimum sentencing statute unconstitutional. *See Commonwealth v. Hopkins*, --- A.3d ----, 2015 WL 3949099 (Pa. June 15, 2015) (18 Pa.C.S. § 6317 unconstitutional under *Alleyne* and unconstitutional provisions not severable).

[23] We acknowledge that our Supreme Court recently granted expedited allowance of appeal from *Wolfe* to consider the issue of whether this Court's *sua sponte* determination that the 10-year mandatory minimum sentence for involuntary deviate sexual intercourse imposed pursuant to 42 Pa.C.S. § 9718(a)(1) is facially unconstitutional is erroneous as a matter of law. *See Commonwealth v. Wolfe*, 63 MAL 2015. However, unless and until overturned by the Supreme Court, *Wolfe* remains controlling law. *See Marks v. Nationwide Ins. Co.*, 762 A.2d 1098, 1101 (Pa.Super.2000) (noting that, despite having been granted a petition for allowance of appeal, a decision remains precedential until it has been overturned by the Pennsylvania Supreme Court).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2015