J-S74037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| PHILLIP OCAMPO | : | |
| Appellant | : | No. 865 EDA 2019 |

Appeal from the PCRA Order Entered February 15, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0410962-1994

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JANUARY 13, 2020**

Appellant, Phillip Ocampo, appeals from the February 15, 2019, order entered in the Court of Common Pleas of Philadelphia County, which dismissed his first petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on the basis it was untimely filed.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: In early March of 1994, Appellant and John Spaddy went to the home of Magdalia Garcia, and they discussed burglarizing Gilberto Torres, who they believed had a large amount of cash and marijuana.  After Appellant and Spaddy left the Garcia residence, they met up with their friend, Corey Jones.  The trio, at least two

_____

* Former Justice specially assigned to the Superior Court.

of whom were armed, went to the apartment building where Torres lived in order to carry out the burglary plan.

While the three men were in the apartment, Torres, who was accompanied by his nephew, a cousin, and a friend, returned home. Upon hearing Torres' return, the three intruders hid in a vacant front room on the second floor and, when Torres and his companions entered the room, Spaddy opened fire, killing one man and seriously injuring another.

Appellant, who was eighteen years old at the time of the murder, was charged with various offenses, and following a jury trial at which Appellant was represented by counsel, Appellant was convicted of second-degree murder, aggravated assault, burglary, criminal conspiracy, and possession of an instrument of crime. He was sentenced to life in prison without the possibility of parole.

Appellant filed a direct appeal to this Court, and on January 7, 1997, we affirmed his judgment of sentence. *See Commonwealth v. Ocampo*, 03587 Philadelphia 1995 (Pa.Super. filed Jan. 7, 1997) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On August 9, 2012, Appellant filed a *pro se* PCRA petition, which he supplemented *pro se* on March 25, 2016. On March 21, 2018, counsel entered an appearance on behalf of Appellant, and counsel filed an amended PCRA petition. On January 15, 2019, the Commonwealth filed a response to the

PCRA petition, and on January 17, 2019, the PCRA court provided Appellant with notice of its intent to dismiss the petition without an evidentiary hearing on the basis it was untimely.

On February 15, 2019, Appellant filed a counseled response to the PCRA court's notice of its intent to dismiss, and by order entered on February 15, 2019, the PCRA court dismissed Appellant's first PCRA petition on the basis it was untimely filed. This timely, counseled appeal followed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, and consequently, Appellant did not file a statement. However, the PCRA court filed a Pa.R.A.P. 1925(a) opinion on June 27, 2019.

On appeal, Appellant has set forth the following issues in his "Statement of the Questions Involved" (verbatim):

I.     Did the Court of Common Pleas err in rejecting Appellant's claim that the right established in ***Miller v. Alabama*** applies to petitioner who possessed those characteristics of youth identified as constitutionally significant for sentencing purposes by the U.S. Supreme Court?

II.    Did the Court of Common Pleas abuse its discretion in failing to hold an evidentiary hearing where petitioner had raised issues of material fact that entitle him to relief?

III.   Did the Court of Common Pleas err in declining to construe Appellant's petition as a petition for writ of *habeas corpus* even though his claims are not cognizable under the PCRA?

IV.    Did the Court of Common Pleas abuse its discretion in failing to hold an evidentiary hearing to determine whether Appellant's petition for writ of *habeas corpus* entitled him to relief under the United States and Pennsylvania Constitutions?

Appellant's Brief at 4.

In addressing Appellant's issues, we are mindful that:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Walls*, 993 A.2d 289, 294-95 (Pa.Super. 2010) (citations omitted).

In the instant case, the PCRA court concluded that Appellant's petition was untimely filed and failed to plead any valid exception to the timeliness exceptions of the PCRA. Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). Accordingly, at this juncture, we must determine whether Appellant's August 9, 2012, PCRA petition was timely filed under the PCRA.

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition

will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

In the case *sub judice*, this Court affirmed Appellant's judgment of sentence on January 7, 1997, and Appellant did not file a petition for allowance of appeal with our Supreme Court. Accordingly, his judgment of sentence became final on February 6, 1997, when the thirty-day time period for filing a petition for allowance of appeal with our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Appellant had one year from that date, or until February 6, 1998, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b). However, Appellant did not file the instant PCRA petition

until August 9, 2012, and, thus, it is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).[1]

This does not end our inquiry, however, as Appellant alleges he is entitled to the timeliness exception under Subsection 9545(b)(1)(iii) pursuant to ***Miller v. Alabama***, 567 U.S. 460, 132 S.Ct. 2455 (2012), and ***Montgomery v. Louisiana***, _____ U.S. _____, 136 S.Ct. 718 (2016).

In 2012, the Supreme Court of the United States held "that mandatory life without parole for those *under the age of 18* at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" ***Miller***, 567 U.S. at 465 (emphasis added). In ***Montgomery***, ***supra***, the High Court determined that ***Miller*** announced a new substantive rule of law that applies retroactively. ***Montgomery***, 136 S.Ct. at 736.

Here, Appellant was not under the age of 18 when he participated in the burglary/murder. In fact, Appellant admits as much in his brief. ***See*** Appellant's Brief at 9-10 (admitting Appellant was 18 years old when he committed his crimes). This Court has held that, since ***Miller*** does not apply to a petitioner who was 18 years or older at the time he committed murder,

---

[1] The PCRA provides that where a petitioner's judgment of sentence became final on or before the effective date of the amendments (January 16, 1996), a special grace *proviso* allows first PCRA petitions to be filed by January 16, 1997. ***See Commonwealth v. Alcorn***, 703 A.2d 1054, 1056-57 (Pa.Super. 1997) (explaining application of PCRA timeliness *proviso*). Here, Appellant's judgment of sentence became final on February 6, 1997, which is after the effective date of the amendments. Thus, he is not entitled to the *proviso*.

such petitioner cannot rely on *Miller* (or *Montgomery*) to avail himself of the time-bar exception in Subsection 9545(b)(1)(iii). *See Commonwealth v. Lee*, 206 A.3d 1, 7-11 (Pa.Super. 2019) (*en banc*) (holding *Miller* applies only to those who were under the age of eighteen at the time they committed the offense); *Commonwealth v. Montgomery*, 181 A.3d 359, 366 (Pa.Super. 2018) (*en banc)* (holding that the High Court's ruling in *Montgomery v. Louisiana* did not extend *Miller's* holding to individuals who committed homicides after they reached the age of 18).

Appellant seeks to avail himself of the holding of *Miller* by asserting that, "at the time of his offense, he possessed the characteristics of youth that render a life-without-parole sentence unconstitutional[.]" Appellant's Brief at 9. We conclude this is an argument for an extension of the holding of *Miller* to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the *Miller* holding. This Court has repeatedly rejected such a claim, and, as we clearly stated in *Lee*, "age is the sole factor in determining whether *Miller* applies to overcome the PCRA time-bar…[and] *Miller* does not afford collateral relief to a petitioner who was over the age of 18 at the time of his or her offense." *Lee*, 206 A.3d at 4, 11.[2]

_____

[2] Appellant requests that we overrule and/or reconsider this Court's *en banc* decision in *Lee*. We are neither inclined nor permitted to do so. *See Marks v. Nationwide Ins. Co.*, 762 A.2d 1098, 1101 (Pa.Super. 2000) (explaining that the Superior Court has "long held that as long as the [precedential]

Accordingly, since Appellant was 18 years old at the time of his offense, he cannot rely on **Miller** (or **Montgomery**) to meet a timeliness exception.[3]

To the extent Appellant contends the PCRA court erred in dismissing his PCRA petition without holding an evidentiary hearing, we note "[t]he PCRA court need not hold a hearing on every issue [a petitioner] raises, as a hearing is only required on 'genuine issues of material fact.'" **Commonwealth v. Albrecht**, 606 Pa. 64, 67, 994 A.2d 1091, 1093 (2010 (quotation omitted). Here, there was no dispute as to Appellant's age at the time he committed his offenses, and accordingly, there was no "genuine issue of material fact." Thus, the PCRA court did not err in dismissing Appellant's PCRA petition without an evidentiary hearing.

Finally, to the extent Appellant contends the PCRA court erred in treating his petition raising the **Miller**/**Montgomery** issue under the auspices of the PCRA, as opposed to a *habeas corpus* petition, we disagree.

---

decision has not been overturned by the Supreme Court, a decision by our Court remains binding precedent").

[3] Appellant also suggests that, assuming, *arguendo*, his sentence of life in prison without parole does not violate the Eighth Amendment since he was 18 years old when he committed his crime, the sentence constitutes "cruel punishment" under Article I, Section 13 of the Pennsylvania Constitution, and, therefore he is entitled to a timeliness exception. We disagree. **See Commonwealth v. Yasipour**, 957 A.2d 734, 743 (Pa.Super. 2008) (holding Pennsylvania's prohibition of cruel punishment is coextensive with the Eighth and Fourteenth Amendments of the United States Constitution).

The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S.A. § 9542. Thus, where a petitioner's claim is cognizable under the PCRA, the court must analyze the petition under the auspices of the PCRA. ***Commonwealth v. Taylor***, 65 A.3d 462 (Pa.Super. 2013).

In the case *sub judice*, Appellant asserted the lower court had no authority to impose upon him a sentence of life imprisonment without parole. This presents a challenge to the legality of his sentence, which is a claim cognizable under the PCRA. ***See Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa.Super. 2004) ("Issues concerning the legality of sentence are cognizable under the PCRA."). Therefore, the PCRA court properly treated Appellant's petition as a petition for relief under the PCRA. ***See Commonwealth v. Eller***, 569 Pa. 622, 807 A.2d 838, 842-43 (2002) (any claim cognizable under the PCRA must be brought under the PCRA and not through *habeas corpus*).

For all of the foregoing reasons, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/13/20