J-S61040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE WONGUS | : | |
| | : | |
| Appellant | : | No. 2183 EDA 2018 |

Appeal from the PCRA Order Entered June 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000177-2012,
CP-51-CR-0011899-2011, CP-51-CR-0014628-2011

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:

**FILED FEBRUARY 13, 2020**

The Majority concludes that Appellant filed a "premature" appeal from the June 22, 2018, PCRA[1] court order disposing of all collateral claims, and thus, concludes we lack jurisdiction over the instant appeal.  Despite the fact the Clerk of Courts failed to note service of the order on the docket, the record reveals Appellant filed a notice of appeal within thirty days of the PCRA court's order disposing of all claims for collateral relief.  Accordingly, there is no impediment to our jurisdiction on this basis, and I respectfully dissent.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

However, for the reasons discussed *infra*, I conclude Appellant violated Pennsylvania Rule of Appellate Procedure 341, as well as our Supreme Court's holding in **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018), which requires appellants to file separate notices of appeal from a single order resolving issues arising on more than one lower court docket.

As this Court has held:

> Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal. "An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910. A final order is one that ends the litigation or disposes of the entire case. An appellant has a period of thirty days after the entry of an order during which an appeal on that order can be taken. **Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa.Super. 2000); Pa.R.A.P. 903(a).

**Commonwealth v. Liebensperger**, 904 A.2d 40, 43 (Pa.Super. 2006) (some quotation marks and quotations omitted).

As the Majority recognizes, the appeal period does not begin to run until the date the Clerk of Courts notes the date of service on the docket. **See** Pa.R.Crim.P. 114(c)(2)(c) (docket entries "shall contain" the "date of service of the order"); Pa.R.Crim.P. 907(4) (indicating that an order dismissing a petition without a hearing "shall advise the defendant…of the time limits within which the appeal must be filed."); Pa.R.A.P. 108(a)(1), (d)(1) (the appeal period only begins running on the date the Clerk "mails or delivers copies of the order to the parties").

Accordingly, when there is a docketing failure or lack of notice, this Court will excuse an untimely appeal. **See Jerman**, **supra** (finding a breakdown in the PCRA court and deeming the PCRA petitioner's appeal timely where Clerk failed to notify the petitioner of the order denying collateral relief); **Commonwealth v. Braykovich**, 664 A.2d 133 (Pa.Super. 1995) (discussing cases and holding failure of Clerk of Courts to advise the defendant that his post-sentence motion had been denied by operation of law excused late-filed appeal).

However, in the case *sub judice*, despite the Clerk of Court's failure to note service on the docket, Appellant obviously received the PCRA court's June 22, 2018, order since he filed a counseled notice of appeal on July 23, 2018,[2] within thirty days thereof. In fact, Appellant specifically referenced the PCRA court's June 22, 2018, order in his notice of appeal.

Under existing case law, in such a circumstance, this Court does not, as the Majority suggests, quash an appeal as premature; but rather, we routinely "regard as done that which ought to have done and treat the appeal…as

_____

[2] Thirty days after June 22, 2018, was Sunday, July 22, 2018; thus, Appellant had until Monday, July 23, 2018, to file a timely appeal in each case. 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, such period in all cases...shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on a Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

timely, *i.e.*, treat [the] appeal as if the Clerk inscribed the date of service on the docket [as of the date the order was filed]." ***Commonwealth v. Carter***, 122 A.3d 388, 391 (Pa.Super. 2015)[3] (citing ***Commonwealth v. Howard***,

_____

[3] The Majority suggests that ***Carter*** is not precedential, binding authority, which requires that we overlook the Clerk of Court's failure to note service of the lower court's order on the docket in the case *sub judice*. In ***Carter***, this Court relevantly held the following:

> [T]he appeal period [in the appellant's case did not] begin running on February 26, 2014, the date the Clerk docketed the order denying post-sentence motions. Although the Clerk certified on the back of the order that it served the order on all parties, it failed to state the date of service on the docket. ***See*** Pa.R.Crim.P. 114(C)(2)(c) (docket entries "shall contain" the "date of service of the order"); Pa.R.A.P. 108(a)(1), (d)(1) (appeal period only begins running on the date the Clerk "mails or delivers copies of the order to the parties").
>
> Despite the Clerk's failure to note service on the docket, Carter obviously received the February 26, 2014 order, because he filed his appeal on March 25, 2014, less than thirty days later. Accordingly, "[we] **will** regard as done that which ought to have been done" and treat the appeal…as timely, *i.e.*, treat this appeal as if the Clerk inscribed the date of service on the docket on February 26, 2014. ***Commonwealth v. Howard***, 659 A.2d 1018, 1021 n. 12 (Pa.Super. 1995) (Clerk of Court failed to enter order denying post-sentence motions by operation of law on July 13, 1994, 120 days after defendant filed post-sentence motions, but defendant filed notice of appeal within 30 days after July 13th; held that "we **shall** regard as done that which ought to have been done and proceed to review the defendant's claims").

*Carter*, 122 A.3d at 391 (bold added).

Contrary to the Majority's suggestion, this Court routinely invokes this binding precedent, implicitly or explicitly, when we overlook the fact the Clerk of Courts did not note service on the docket and, instead of quashing the appeal, we proceed with an examination of the appeal. In fact, the Majority has pointed to no precedent where we have not done so.

The Majority concludes we should not apply ***Carter*** in the case *sub judice* because Appellant will be prejudiced. However, the Majority has pointed to no such prejudice, particularly since it declines to make a decision

659 A.2d 1018, 1021 n. 12 (Pa.Super. 1995)).  The logic behind this holding is clear.  It is illogical to require appellants, who undisputedly have actual notice of a final order disposing of all collateral claims and appealed within thirty days, to motion the PCRA court to direct the Clerk of Courts to provide notice on the docket before this Court is satisfied it has jurisdiction.

Simply put, the issue in this case is not whether Appellant received notice of the June 22, 2018, PCRA court's final order.  Rather, the issue is whether Appellant complied with our Supreme Court's mandate in **Walker**, **supra**, and its progeny.

Appellant filed a single notice of appeal listing all three lower court docket numbers and presenting issues that relate to the three lower court docket numbers.[4]  The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides:

---

concerning the application of our Supreme Court's decision in **Walker**.  In any event, respectfully, this Court should not "pick and choose" when to apply binding precedential principles such as those set forth in **Carter**.

[4] Although each of the lower court records contain a copy of the notice of appeal, Appellant admits he listed all three lower court docket numbers on the notice of appeal. **See** Appellant's Counseled Response to Rule to Show Cause, filed 8/13/18, at 2. Appellant's counsel indicated he was unaware of **Walker**. **See id.** This does not constitute compliance with **Walker**. **See Commonwealth v. Creese**, 216 A.3d 1142 (Pa.Super. 2019) (holding that a notice of appeal listing multiple docket numbers does not comply with **Walker**, even if those notices are included in the records of each case).

This Court has accepted for *en banc* consideration the following issues, which are pertinent to this case:

> Where…one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. **Commonwealth v. C.M.K.**, [ ] 932 A.2d 111, 113 & n.3 (Pa.Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two [defendants'] judgments of sentence).

Pa.R.A.P. 341, Official Note.

In **Walker**, our Supreme Court found the above language constituted "a bright-line mandatory instruction…to file separate notices of appeal." **Walker**, **supra**, 185 A.3d at 976-77. Accordingly, the **Walker** Court held that "the proper practice under Rule 341(a) is to file *separate* appeals from an order that resolves issues arising on more than one docket. The failure to do

---

Whether (1) Appellant's inclusion of multiple court of common pleas docket numbers on his notices of appeal violates Pa.R.A.P. 341 and **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018); and (2) if so, whether such violation necessitates quashal by this Court?

**Commonwealth v. Johnson**, No. 2063 EDA 2018 (filed 10/4/19) (*en banc* order). However, the Superior Court has "long held that as long as the [precedential] decision has not been overturned by the Supreme Court, a decision by our Court remains binding precedent." **See Marks v. Nationwide Ins. Co.**, 762 A.2d 1098, 1101 (Pa.Super. 2000). Accordingly, unless or until an *en banc* panel of this Court, or the Supreme Court, overrules **Creese**, it remains binding precedent upon this Court, and in fact, this Court has been consistently applying **Creese**. **See e.g., Commonwealth v. Dickson**, 2019 WL 5847274, at *1-2 (Pa.Super. 11/7/19) (unpublished memorandum) (quashing appeal because "we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead, a notice of appeal may contain only one docket number."); **Commonwealth v. Keefer**, 2019 WL 5491362 (Pa.Super. 10/25/19) (unpublished memorandum) (same).

so requires the appellate court to quash the appeal." *Id.* at 977 (emphasis added).

However, the Court made its holding prospective, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." *Id.* The *Walker* Court directed that "in future cases Rule 341 will, in accordance with its Official Note, *require* that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal *must* be filed. The failure to do so will result in quashal of the appeal." *Id.* (emphasis added).

*Walker* was filed on June 1, 2018. Appellant's notice of appeal listing all three lower court docket numbers was filed on July 23, 2018. Under current precedent, our Supreme Court mandates that Appellant was to file a separate notice of appeal for each lower court docket number.[5] Consequently, I would

_____

[5] As the Honorable Mary Jane Bowes concluded in *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa.Super. 2019), in discussing *Walker*, it was unnecessary to quash an appeal where an appellant filed one notice of appeal listing two docket numbers. *Id.* at 160. In that case, however, the PCRA court advised the appellant "he could appeal the dismissal of his PCRA petition by filing within thirty days **a** notice of appeal from its order." *Id.* (emphasis in original). This Court concluded the PCRA court's order, which utilized the singular "a" with regard to the filing of a notice of appeal, amounted to a "breakdown in the court system[,]" and therefore, we excused the appellant's lack of compliance with *Walker*. *Id.* Instantly, the PCRA court did not direct Appellant to file "a" notice of appeal. Furthermore, Appellant has not made

quash the instant appeal on this basis. *See Commonwealth v. Nichols*, 208 A.3d 1087 (Pa.Super. 2019) (quashing appeal based on noncompliance with Rule 341 and *Walker*); *Commonwealth v. Williams*, 206 A.3d 573 (Pa.Super. 2019) (same).

As indicated *supra*, respectfully, we should not quash this appeal on the basis Appellant has appealed from a non-final, non-appealable order. Rather, this Court's controlling precedent establishes that, in such a case, this Court "will regard as done that which ought to have been done" and treat the appeal as if it were timely filed from the date the order was entered. *Carter*, *supra*. Therefore, I respectfully dissent.

---

any representations to this Court indicating that he was misled or misinformed.

Moreover, it is noteworthy that a review of the certified records in *Stansbury* reveals that, similar to the case *sub judice*, the Clerk of Courts in the Philadelphia Court of Common Pleas did not note on the certified docket entries that notice of the PCRA court's final order was provided to the appellant, who appealed within thirty days of the entry of the order. However, this Court did not quash the appeal as premature in *Stansbury*. Rather, after overlooking the *Walker* defect, this Court addressed the merits of the case.