J-S37014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MONROE MERRITT | : | |
| | : | |
| Appellant | : | No. 2305 EDA 2019 |

Appeal from the PCRA Order Entered July 18, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1217361-1976

BEFORE:  SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                Filed: November 19, 2020

Appellant, Monroe Merritt, appeals from the July 18, 2019 order denying his fifth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

The trial court summarized the facts and procedural history of this matter as follows:

> On March 5, 1976, [Appellant] robbed victim George Dunbar in his home and then fatally shot him in the chest in front of his family.  [Appellant] fled the state; he was apprehended by authorities in Los Angeles, California[,] and returned to Philadelphia for trial.  On November 15, 1977, a jury convicted [Appellant] of second degree murder, robbery, possession of an instrument of crime (PIC), and criminal conspiracy.  On January 21, 1982, the Honorable Robert A. Latrone sentenced him to a mandatory term of life imprisonment without parole and concurrent sentences of 10 to 20 years state incarceration for robbery, 5 to 10 years state incarceration for conspiracy, and 2 ½ to 5 years for PIC.  The Superior Court affirmed this judgment of sentence on October 9, 1986.  Commonwealth v. [Marvin] Merritt, [a/k/a Merritt Monroe,] 517 A.2d 13[6]5[, 440 Philadelphia 1982]

(Pa. Super. 1986) (unpublished memorandum opinion). On October 13, 1987, the Pennsylvania Supreme Court denied *allocatur*. Commonwealth v. Merritt, 533 A.2d 711[, 1042 E.D. Alloc. Dkt.] (Pa. 1987) [Appellant did not seek review in the United States Supreme Court.].

Over the next several years, [Appellant] filed numerous petitions. On June 21, 1988, he filed his first *pro se*[1] petition for relief under the Post Conviction Hearing Act (PCHA), 42 Pa.C.[S.] § 9541, *et seq*. (1982)[2] (superseded by the PCRA in 1988). This petition was dismissed; the Superior Court affirmed the dismissal on January 17, 1995[, **Commonwealth v. Merrit M. Monroe, a/k/a/ Marvon Merritt**, 660 A.2d 123, 3751 Philadelphia 1993 (Pa. Super. filed January 17, 1995) (unpublished memorandum),] and the Pennsylvania Supreme Court denied review on December 20, 1996. [**Commonwealth v. Merrit M. Monroe, a/k/a/ Marvon Merritt**, 668 A.2d 1127, 298 E.D. Alloc. Dkt. 1995 (Pa. filed November 8, 1995)].

On December 20, 1996, [Appellant] filed a second *pro se* petition. This was dismissed as untimely on August 12, 1997. On October 12, 1999, the Superior Court affirmed the dismissal, [**Commonwealth v. Merritt Monroe a/k/a Marvin Merritt**, 748 A.2d 774, 3909 Philadelphia 1997 (Pa. Super. filed October 12, 1999) (unpublished memorandum),] and on January 13, 2000, the Pennsylvania Supreme Court denied *allocatur*. [**Commonwealth v. Merritt Monroe**, 751 A.2d 187, 836 E.D. Alloc. Dkt. 1999 (Pa. filed February 24, 2000)].[3]

---

[1] This Court stated that Appellant retained counsel, who filed a petition pursuant to the PCRA. **Commonwealth v. Merrit M. Monroe, a/k/a/ Marvon Merritt**, 660 A.2d 123, 3751 Philadelphia 1993 (Pa. Super. filed January 17, 1995) (unpublished memorandum at 3).

[2] Act of January 25, 1966, P.L. 1580, 1965, §§ 1 *et seq*., as amended.

[3] Between his second and third PCRA petitions, Appellant filed a federal *habeas corpus* petition in the United States District Court for the Eastern District of Pennsylvania. The district court denied relief, and the Court of Appeals for the Third Circuit affirmed. **Merritt v. Blaine**, 326 F.3d 157 (3d Cir. 2003). The United States Supreme Court denied review. **Merritt v. Blaine**, 540 U.S. 921 (2003).

On January 31, 2005, [Appellant] filed a third *pro se* petition, entitled "writ of habeas corpus[," which the PCRA court treated as a PCRA petition.] The PCRA court dismissed this as untimely on March 28, 2006;[4] the Superior Court affirmed on July 22, 2008. [**Commonwealth v. Monroe Meritt a/k/a Marvon Merritt & Merritt Monroe**, 959 A.2d 969, 5 EDA 2007 (Pa. Super. filed July 22, 2008) (unpublished memorandum).] On January 8, 2009, the Pennsylvania Court denied *allocatur*. [**Commonwealth v. Monroe Meritt a/k/a Marvon Merritt**, 963 A.2d 469, 443 EAL 2008 (Pa. filed January 8, 2009)].

On February 10, 2010, [Appellant] filed a *pro se* "King's Bench Petition" in the Pennsylvania Supreme Court. This was denied on July 8, 2010. [Appellant] did not seek further review of this petition.

On May 9, 2012, [Appellant] filed a fourth *pro se* [PCRA] petition. On August 17, 2012, he amended his petition to include a Miller v. Alabama[, 567 U.S. 460 (2012)] claim. On June 16, 2014, this petition was dismissed as untimely. The Superior Court affirmed dismissal on May 28, 2015. [**Commonwealth v. Merritt**, 122 A.3d 459, 2085 EDA 2014 (Pa. Super. filed May 28, 2015) (unpublished memorandum).] [Appellant] did not seek further review.

On March 16, 2016, [Appellant] filed his fifth *pro se* petition, the subject of the instant matter. In this petition he claimed relief under Miller v. Alabama and Montgomery v. Louisiana, 136 S.Ct. 718 (2016). On April 22, 2018, [Appellant] filed a supplemental petition alleging newly discovered evidence of a witness Edward Anderson's brain injury. On April 19, 2018, this matter was reassigned to this [c]ourt. On July 2, 2018, Carole L. McHugh, Esquire entered her appearance on [Appellant's] behalf and filed a supplemental petition claiming newly discovered evidence of a due process violation regarding a juror who may have lied about his criminal past. On October 15, 2018, counsel filed an amended petition, raising the three claims in one document: relief under

---

[4] This Court represented that the petition was dismissed on November 28, 2006. **Commonwealth v. Monroe Meritt a/k/a Marvon Merritt & Merritt Monroe**, 959 A.2d 969, 5 EDA 2007 (Pa. Super. filed July 22, 2008) (unpublished memorandum).

- 3 -

Miller/Montgomery; witness Edward Anderson's brain trauma; and juror #2's alleged criminal past. On April 17, 2019, the Commonwealth filed its Motion to Dismiss. On June 18, 2019, this [c]ourt sent [Appellant] a Notice of Intent to Dismiss Pursuant to Rule 907. [Appellant] replied to this notice on July 8, 2019. On July 18, 2019, this [c]ourt dismissed [Appellant's] petition as without merit. On August 5, 2019, [Appellant] filed a Notice of Appeal to Superior Court.

PCRA Court Opinion, 12/16/19, at 1–3. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and none was filed. The PCRA court filed its Rule 1925(a) opinion on December 16, 2019.

Appellant raises the following issues for our review:

I. Did the PCRA court err in dismissing without a hearing [Appellant's] claim that his sentence of life imprisonment without the possibility of parole is violative of the Eighth Amendment, pursuant to Miller v. Alabama, 567 U.S. 460 (2012) and Montgomery v. Louisiana, 136 S.Ct. 718 (2016)?

II. Did the PCRA court err in dismissing, without a hearing, [Appellant's] after-discovered evidence claim?

Appellant's Brief at 3 (reordered for ease of disposition).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no

- 4 -

support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we must determine whether the PCRA court had jurisdiction to review the merits of Appellant's issues. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in an untimely PCRA petition. ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000)).

Appellant's judgment of sentence became final on December 14, 1987,[5] upon the expiration of the sixty-day period to file a petition for writ of *certiorari* with the United States Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3) (for PCRA purposes, a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court or the Supreme Court of Pennsylvania, or at expiration of time for seeking review); United States Supreme Court Rule 20.1[6] (effective August 1, 1984, amended effective January 1, 1990) (petition for writ of *certiorari* to

---

[5] Because the sixty-day period within which to file a petition for *certiorari* fell on Saturday, December 12, 1987, it expired on Monday, December 14, 1987. ***See*** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[6] Former Rule noting that the *certiorari* filing period was sixty days.

review judgment of sentence deemed timely when it is filed within sixty days after discretionary review has been denied by state's highest court).

While Appellant's judgment of sentence became final before the effective date of the 1995 amendments to the PCRA, the proviso for such cases, *i.e.*, that a first petition shall be deemed timely if it was filed within one year of the effective date of the 1995 amendments, or by January 16, 1997, is not applicable because this is not Appellant's first PCRA filing. Therefore, in order to comply with the filing requirements of the PCRA, Appellant's current petition had to be filed by December 14, 1988. ***See*** 42 Pa.C.S. 9545(b)(1) (A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final . . . ."). As the instant petition was filed over twenty-seven years later, on March 16, 2016, it is patently untimely.

Section 9545 of the PCRA provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545 (b)(1)(i)–(iii). The burden is on the petitioner to plead and prove facts that establish one of the statutory exceptions. ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa.

Super. 2018). In addition, any exception must be raised within sixty days of the date the claim could have been presented.[7] 42 Pa.C.S. § 9545(b)(2).

Appellant's first issue assails the PCRA court's dismissal of his petition without a hearing concerning his claim that his sentence of life imprisonment without the possibility of parole is unconstitutionally cruel and unusual punishment and violates **Miller**, 567 U.S. 460, and **Montgomery**, 136 S.Ct. 718. Appellant claims that this issue falls within the third exception of Section 9545(b)(1)(iii) to the PCRA time-bar: that he has filed a timely petition asserting a constitutional right that has been recognized by the United States Supreme Court as retroactive. Appellant's Brief at 40. We note initially that this is the same issue raised and rejected in Appellant's fourth PCRA petition. **See Merritt**, 2085 EDA 2014 (unpublished memorandum at 3–4). Thus, this claim was previously litigated. **See Commonwealth v. Keaton**, 45 A.3d 1050, 1060 (Pa. 2012) (An issue is previously litigated and not eligible for

_____

[7] On October 24, 2018, the General Assembly amended Section 9545(b)(2), extending the time for filing a petition from sixty days to one year from the date the claim could have been presented. 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, which is December 24, 2017, or thereafter. The amendment is inapplicable in Appellant's first issue because the claim relating to the decision in **Miller** and **Montgomery** presented in Appellant's PCRA petition arose prior to December 24, 2017. This Court has held that "[t]he date of the **Montgomery** decision (January 25, 2016, as revised on January 27, 2016) will control for purposes of the 60-day rule in Section 9545(b)(2)." **Commonwealth v. Secreti**, 134 A.3d 77, 82-83 (Pa. Super. 2016). We address Section 9535(b)(2)'s applicability to the second issue *infra*.

PCRA relief pursuant to 42 Pa.C.S. § 9543(a)(3) if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of that issue.).

Even if the issue presented could be viewed as slightly different, we conclude that it does not satisfy the third exception. In *Miller*, the Supreme Court of the United States ruled that a mandatory sentence of life imprisonment without the possibility of parole for a juvenile offender is unconstitutional. *Miller*, 567 U.S. at 465. In *Montgomery*, the Supreme Court of the United States concluded that *Miller* announced a substantive rule of constitutional law, and as such, the holding in *Miller* applied retroactively to juvenile convictions and sentences that were final when *Miller* was decided. *Montgomery*, 136 S.Ct. at 736.

After review, it is clear that Appellant has no viable *Miller* argument, and his PCRA petition was properly dismissed as untimely regarding this issue. Appellant was twenty-two years old at the time he robbed and murdered George Dunbar.[8] The holding in *Miller* applies to only those defendants who were "under the age of 18 at the time of their crimes." *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (quoting *Miller*, 567 U.S. at 465).

---

[8] Appellant acknowledges that he was in his twenties at the time of the crime. Appellant's Brief at 41, 48.

Appellant asserts that the decisions in *Miller* and *Montgomery* should be applied to his sentence regardless of the fact that he was twenty-two years old at the time of the murder. This issue was addressed in our Court's decision in *Commonwealth v. Lee*, 206 A.3d 1 (Pa. Super. 2019) (*en banc*).

In *Lee*, the appellant sought to expand the holding in *Miller* to apply to individuals who were over eighteen years old at the time of the crime, but had an "immature brain" and "characteristics of youth" that rendered them less culpable under *Miller*. *Lee*, 206 A.3d at 4, 7. This Court concluded that the decision in *Miller* was based on chronological age alone; it did not address sentences for individuals who were eighteen years of age or older or a defendant's mental age. "Until the United States Supreme Court or the Pennsylvania Supreme Court recognizes a new constitutional right in a non-juvenile offender, we are bound by precedent." *Lee*, 206 A.3d at 10–11. "[A]ge is the sole factor in determining whether *Miller* applies to overcome the PCRA time-bar and we decline to extend its categorical holding." *Id.* at 11.

In his Reply Brief, Appellant acknowledges that *Lee* controls this case. Appellant's Reply Brief at 6. He contends, however, that *Lee* was wrongly decided. *Id.*; Appellant's Brief at 48. This Court is bound by existing precedent under the doctrine of *stare decisis*. *See*, *e.g.*, *Ario v. Reliance Ins. Co*., 980 A.2d 588, 597 (Pa. 2009). Thus, we review the appeal before us in accordance with currently controlling precedent. *See Marks v.*

***Nationwide Ins. Co.***, 762 A.2d 1098, 1101 (Pa. Super. 2000) (this Court continues to follow controlling precedent as long as decision has not been overturned by our Supreme Court). We agree with the PCRA court that:

> Pennsylvania courts have explicitly rejected the argument that seeking to expand [***Miller's*** applicability to persons over age eighteen] would render timely an otherwise untimely PCRA petition. See Furgess; . . . Lee; *supra*. Since Miller and Montgomery are inapplicable to [Appellant's] case, he cannot use this newly recognized constitutional right to overcome the time bar. Therefore, [Appellant's] petition is untimely and no relief is due.

PCRA Court's Opinion, 12/16/19, at 6–7.

Appellant's second issue asserts that he can overcome the PCRA's time-bar by invoking the newly discovered-evidence exception of 42 Pa.C.S. § 9545(b)(1(ii). Appellant's Brief at 23. That subsection provides, in relevant part:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;

42 Pa.C.S. § 9545(b)(1)(ii).

We have considered the arguments of the parties and reviewed the record. We conclude that the PCRA court properly and thoroughly addressed this issue, and we rely on it in rejecting Appellant's claim, as follows:

> [Appellant] claims that he discovered new evidence with respect to defense witness Edward Anderson. [Appellant] claims that he

recently learned that Anderson was suffering from a serious head injury and was on medication when he testified and that this "may well have affected his testimony." (Amended Petition, p. 13). At trial, Anderson testified as a defense witness. On cross-examination, the Commonwealth asked Anderson, "You didn't know [Appellant] was on trial for murder and robbery before you took the witness stand?" to which Anderson replied, "Yeah, I knew it just before I came in the door, just when I was upstairs, when I talked to [Appellant] first and I asked him what you down for, right? And he said a murder-robbery. 'For that Dunbar dude I killed'." On re-direct, Anderson recanted and denied that [Appellant] ever told him he killed Dunbar. [Appellant] claims that he always wondered why Anderson testified the way he did so he directed numerous friends family members over the past 40 years to find Anderson and ask him. He claims that his friend Michael Moore finally ran into Anderson walking down the street in February 2016 and that Anderson told him about two serious brain injuries[1] that he was suffering from at the time he testified at [Appellant's] trial. [Appellant] argues that this demonstrates that he exercised due diligence and that he could not have learned about it sooner, although he admits Anderson testified at his own sentencing in 1977 that he was suffering from brain trauma. [Appellant] indicates in his petition that after Moore talked to Anderson, he had his girlfriend obtain a copy of Anderson's notes of testimony from his sentencing and read that Anderson told his sentencing judge about his brain injuries and the medication he was on. [Appellant] argues that he could not have learned of this any sooner. This argument is without merit.

> [1] According to Anderson, he was attacked and beaten on the head with a hammer in 1974 and as a result had a steel plate put into his head. The following year, in 1975, he was stabbed above the eye and had to have a second steel plate installed.

[Appellant] is unable to invoke the newly discovered evidence exception because he cannot demonstrate that he could not have discovered Anderson's brain injury sooner with due diligence. The record shows Anderson testified at trial as a defense witness. Thus, [Appellant] and his attorney had the opportunity to interview and investigate Anderson and determined that he was a favorable witness for them. [Appellant] or his attorney should have been able to discern from their in–person interaction with Anderson whether he was under the influence of

- 11 -

drugs or seemed disoriented due to his brain trauma. Even if they did not pick up on Anderson's brain injuries prior to or at trial, Anderson's sentencing transcript was a matter of public record. While matters of public record are not presumptively unknown to *pro se* litigants, counsel is presumed to be aware. Commonwealth v. Burton, 158 A.3d 618, 638 (Pa. 2017). [Appellant] was represented by counsel at the time of Anderson's sentencing as well as several occasions thereafter during his appellate and prior collateral reviews. [Appellant] could have asked any of his attorneys to try to locate Anderson if he had in fact been "wondering" all these years about Anderson's reasons for testifying the way he did. Last, even if [Appellant] could show due diligence and overcome the time bar, his claim is without merit. [Appellant] has failed to show that he was actually prejudiced by Anderson's testimony. Anderson testified that [Appellant] admitted to killing Dunbar, but recanted almost immediately. Thus, it was up to the jury to determine Anderson's credibility and decide what part, if any, of his testimony to believe. Commonwealth v. Diggs, 597 Pa. 28, 36, 949 A.2d 873, 878 (2008) ("The trier of fact, while passing upon the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence[."]). [Appellant] has not presented any evidence showing that but for Anderson's statement, the outcome of the trial would have been different. Therefore, no relief is due.

PCRA Court Opinion, 12/16/19, at 7–9.

We reject Appellant's claim that there was nothing about Anderson's testimony at Appellant's trial that put him on notice that Anderson had a medical impairment that could have caused Anderson's testimony, such that Appellant should have examined the transcript in Anderson's trial and presented this issue within sixty days of its occurrence. Appellant's Brief at 30. As the Commonwealth opines, Appellant admitted he was confused by Anderson's testimony at trial, and Appellant attempted to discover, from 1978 to 1983, why Anderson testified as he did. Commonwealth's Brief at 10 (citing

PCRA petition, 4/22/16, at 3). Anderson had already testified at his own sentencing hearing in 1977 "when this evidence would have first been made public, and [Appellant] was not sentenced until 1982." Commonwealth's Brief at 10 (citing PCRA petition, 4/22/16, at Exhibit I). Appellant was represented by counsel in his direct appeal and in his first, and some additional, collateral reviews. Counsel is presumed to be aware of public records. *Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017). Thus, this claim is not presented within sixty, or even one year, from the date it could have been presented. 42 Pa.C.S. § 9545(b)(2).

Therefore, Appellant's PCRA petition was untimely, no exception applies, and the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that the PCRA court lacks jurisdiction to hear an untimely petition). Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/20

- 13 -